UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-cv-21155-KMM

RODOVALDO RODY GOMEZ, individually,
SABY GOMEZ DE MOLINA, individually,
and RODY GOMEZ a/k/a RODY GOMEZ JR.,
individually,

   Plaintiff,
vs.

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P.,

   Defendant.
_____/

## PLAINTIFFS' MOTION TO REMAND CASE UNDER 28 U.S.C. §1447(c)

COMES NOW, Plaintiffs, RODOVALDO RODY GOMEZ, individually ("RODOVALDO"), SABY GOMEZ DE MOLINA, individually ("SABY"), and RODY GOMEZ a/k/a RODY GOMEZ JR., individually ("RODY") (collectively referred to as "Plaintiffs" and/or "Guarantors"), by and through their undersigned counsel, and respectfully moves the Court to remand the case back to the 11th Circuit Court in and for Miami-Dade County, Florida, the Court in which Defendant D.B. ZWIRN SPECIAL OPPORTUNITIES FUND, L.P. ("ZWIRN" and/or "Defendant") originally attempted to domesticate their Foreign Judgments (hereinafter defined) in at the time of the Defendant's removal.

### I. SUMMARY OF PLAINTIFFS' ARGUMENT AND RELIEF REQUESTED

1. ZWIRN filed three (3) individual lawsuits ("State Court Enforcement Proceedings") in 11th Circuit Court in and for Miami-Dade County, Florida ("State Court") to enforce the Foreign Judgments (hereinafter defined), which are also the subject matter of the Instant Lawsuit. ZWIRN then filed a Motion to Transfer those actions to one Judge (Division

05), set a hearing on that Motion and attended a hearing upon same on April 12, 2011 - - after it filed the Notice of Removal(hereinafter defined) in the Instant Lawsuit (hereinafter defined) to federal court regarding the exact same issues being litigated in the State Court Enforcement Proceedings. In addition, ZWIRN filed a Motion to Dismiss in the Instant Lawsuit in State Court on April 1, 2011, the same day it filed its Notice of Removal - - despite ZWIRN alleging that it has not been served with the Instant Lawsuit, nor having any time deadline to file the Motion to Dismiss. Thus, ZWIRN has actively participated in the State Court Enforcement Proceedings and has waived its right to remove the Instant Lawsuit to the instant Court ("Federal Court").

2. Under F.S. §55.509, the Plaintiffs were required to file the Instant Lawsuit in order to stay enforcement of the Foreign Judgments (hereinafter defined) which were improperly filed against them. The Plaintiffs should not be penalized by the instant removal to Federal Court and then the transfer to an inconvenient forum (NY District Court) for abiding by the requirements of F.S. §55.509, which is what ZWIRN intends to request/seek.

3. ZWIRN's removal of the Instant Lawsuit from the State Court to Federal Court is defective because this Court does not have original jurisdiction over the claims asserted in the Plaintiff's Complaint because:

> a. The Plaintiffs' Complaint does not plead any claim arising under federal law. Any assertion of federal due process is a defense asserted by the Plaintiffs' under F.S. §55.509 in order to stay enforcement of the Foreign Judgments (hereinafter defined);
>
> b. ZWIRN improperly asserts jurisdiction based upon pending issues in RODY's Bankruptcy Case (hereinafter defined). All issues concerning the Bankruptcy Case (hereinafter defined) are properly being resolved in the United States

Bankruptcy Court, Southern District of Florida (Miami), and will have res judicata effect upon the Instant Lawsuit. ZWIRN has filed pleadings in the Bankruptcy Case (hereinafter defined) and is actively litigating those issues; and

c. The Plaintiffs' Complaint does not seek an amount in controversy in excess of $75,000.00 in order for ZWIRN to remove this case based upon diversity jurisdiction.

4. Accordingly, the Plaintiffs' request that this Court enter an Order granting the Plaintiffs' Motion for Remand and any other further relief this Court deems just and proper.

## II. GENERAL ALLEGATIONS

5. On or about February 17, 2009, the Plaintiffs and the Defendant executed a settlement agreement in order to settle an outstanding financing agreement between the parties ("Settlement Agreement"). A copy of the Settlement Agreement is attached to the Plaintiffs' Complaint as part of **Composite Exhibit "1"**, marked as exhibit "A", and is incorporated herein by reference. Pursuant to the terms of the Settlement Agreement, the Plaintiffs' were required to individually executed "Confessions of Judgment" in the amount of $2 million ("Confessions of Judgment"). Copies of the Confessions of Judgment are attached to the Plaintiffs' Complaint as **Composite Exhibit "2"** and are incorporated herein by reference.

6. On January 5, 2010 ("Petition Date"), RODY filed a voluntary petition in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court"), Case No.: 10-10099-LMI ("Bankruptcy Case") under Chapter 7 of Title 11 of the United States Code. In the Bankruptcy Case, RODY duly scheduled ZWIRN in his Schedules as a creditor and sent that notice to ZWIRN Partners, LLC, the general partner of ZWIRN. On May 19, 2010, the Clerk for the Bankruptcy Court entered an Order of Discharge for RODY's Estate and served same

upon all creditors, including ZWIRN. A copy of RODY's Bankruptcy Schedules and the Order of Discharge are attached to the Plaintiffs' Complaint as **Composite Exhibit "3"** and are incorporated herein by reference. A copy of the Bankruptcy Case Docket is attached hereto and incorporated herein as **Exhibit "A"**.

7. On February 1, 2011, on the eve of the expiration of the Confessions of Judgment (which were set to expire on February 17, 2011), ZWIRN declared the Plaintiffs/Guarantors in default of the Settlement Agreement[1].

8. On February 3, 2011, ZWIRN filed three lawsuits against each of the Guarantors, individually, in the Supreme Court of the State of New York County of New York, Case No.101368/11, Case No.101387/11 and Case No.101388/11 ("New York Lawsuits"), each of the New York Lawsuits filed based upon the Guarantors respective Confessions of Judgment. A copy of the New York Lawsuits are attached to Plaintiffs' Complaint as **Composite Exhibit "2"** and are incorporated herein by reference.

9. On February 4, 2011, ZWIRN obtained ex-parte final judgments in New York against Guarantors ("Foreign Judgments"), respectively, without service of process upon Guarantors, each in the sum of $2 Million, based upon the pre-petition Confession of Judgment. A copy of the Foreign Judgments are attached to the Plaintiffs' Complaint as part of **Composite Exhibit "2"** and are incorporated herein by reference.

10. On February 9, 2011, ZWIRN filed separate actions against RODOVALDO, RODY and SABY in Miami-Dade County, Florida ("State Court Enforcement Proceedings")[2] in

---

[1] Plaintiffs have subsequently asserted in the State Court Enforcement Proceedings and in the Instant Lawsuit that the default was "contrived", the Notice of Default was timely responded to and that the Plaintiffs had no "minimum contacts" with New York.
[2] *D.B. ZWIRN SPECIAL OPPORTUNITIES FUND, L.P., vs. RODY GOMEZ a/k/a RODY GOMEZ JR., individually*, Miami-Dade County Case No. 11-04320-CA-08 ("RODY Case"), *DB*

order to enforce the Foreign Judgments.

11. On February 23, 2011, the Clerk of Court of Miami-Dade County, Florida recorded the Confession of Judgment against RODY, RODOVALDO and SABY.

12. On March 9, 2011, RODY (as the Debtor) filed his Motion to Enforce Permanent Stay and Order of Discharge and Award Sanctions, Fees and Costs ("Motion to Enforce Discharge") in the Bankruptcy Case. See **Exhibit "A"**, (D.E. 41). On or about March 24, 2011, ZWIRN filed a Memorandum of Law in Opposition to RODY's Motion to Enforce Discharge. See **Exhibit "A"**, (D.E. 48-49). The issues concerning RODY's Bankruptcy Case are currently being adjudicated in the Bankruptcy Court, with ZWIRN's active participation.

13. On March 23, 2011, pursuant to F.S. §55.509, the Guarantors each filed a Motion to Quash the Enforcement of the Foreign Judgment in their respective State Court Enforcement Proceedings.

14. On March 24, 2011, pursuant to the requisites of F.S. §55.509(1), the Guarantors recorded a lis pendens and filed the Instant Lawsuit in order to stay enforcement of the Foreign Judgments in the State Court, Case No.:11-09152-CA-40 ("Instant Lawsuit").

15. On April 1, 2011, ZWIRN filed a Notice of Removal to remove the State Court Lawsuit to the Federal Court. A copy of the Defendant's Notice of Removal, without Exhibits, is attached hereto and incorporated herein as **Exhibit "B"**.

16. On April 1, 2011, ZWIRN filed a Motion to Dismiss in the Instant Lawsuit in the State Court Lawsuit. A copy of the Motion to Dismiss, without Exhibits, is attached hereto and incorporated herein as **Exhibit "C"**. At the time, ZWIRN alleged that it had not been served. See

---

*ZWIRN SPECIAL OPPORTUNITIES FUND LP, a Foreign Corporation, v. RODOVALDO RODY GOMEZ, individually,* Miami-Dade Case No. 11-4324-CA-06 ("Rodovaldo Case") and the case styled *DB ZWIRN SPECIAL OPPORTUNITIES FUND LP, a Foreign Corporation, v. SABY*

**Exhibit "B"**, ¶1. Accordingly, there was no requirement or need to file a Motion to Dismiss.

17.   On April 6, 2011, ZWIRN filed a Motion to Transfer the RODY Case and the RODOVALDO Case in the State Court Enforcement Proceedings to the same division (05) of the Circuit Court where the SABY Case is pending ("Motion to Transfer"). The Motion to Transfer was set for hearing on April 12, 2011 ("Notice of Hearing"). ZWIRN then attended the hearing and obtained a Court Order granting its Motion to Transfer on April 12, 2011 ("Court Order"). See the Motion to Transfer, Notice of Hearing and Court Order Granting Motion to Transfer attached hereto and incorporated herein by reference as **Composite Exhibit "D"**.

18.   On April 15, 2011, ZWIRN's counsel sent the Plaintiffs' counsel an e-mail notifying them of ZWIRN's intent to transfer the Instant Lawsuit to the Southern District of New York ("E-mail"). A copy of the April 15, 2011 E-mail is attached hereto and incorporated herein as **Exhibit "E"**.

### III. PLAINTIFFS' ARGUMENT

**A.   Standard of Review under 28 U.S.C. 1447(c).**

19.   The removal statute of 28 U.S.C. 1447 is to be strictly construed by the courts and any doubt about a defendant's right of removal is resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)(Holding where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand) *Galstaldi v. Sunvest Communities USA, LLC*, 256 F.R.D. 673, 674 (S.D. Fla. 2009)(holding that courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful).

20.   "Section 1447(c) specifies two grounds for remanding a removed case: (1) lack of

---

*GOMEZ DE MOLINA, individually*, Miami-Dade Case No. 11-4312-CA-05 ("Saby Case").

subject matter jurisdiction; or (2) procedural defect in the removal of the case". *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1043 (11th Cir. 2001). Under 28 U.S.C. § 1447(c), a case removed from state court must be remanded if it appears that it was removed improperly. *Id.* "Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff's claim to determine whether removal was appropriate". *Burns*, 31 F.3d at 1095.

21.  ZWIRN is attempting to remove a case that is solely based on Florida State law, in particular F.S. §55.509 and based on activities that occurred solely in the State of Florida. The claims asserted in the Plaintiffs' Complaint could **not** have been originally filed in federal court, as there is no federal question jurisdiction, no jurisdiction concerning federal bankruptcy law, the Defendant has not proven by a preponderance of the evidence that the amount in controversy has been satisfied and, most importantly, the Defendant has waived its right to removal by its active and substantial participation and pursuance of claims in State Court and in the Bankruptcy Case. The Plaintiffs filed the Instant Lawsuit in State Court in order to defend themselves from the State Court Enforcement Proceedings which were initiated and in fact filed by the Defendant in the State Court.

**B.  ZWIRN Has Actively And Substantially Pursued This Matter In State Court and Thus Has Waived The Right To Remove**

22.  "A defendant waives its right to remove to federal court, after it is apparent that the case is removable, by taking **'clear and unequivocal' actions in state court that manifest its intent to have the matter adjudicated there**. *Engle*, 122 F.Supp.2d at 1360[emphasis added]; *See also Baldwin v. Perdue, Inc.*, 451 F.Supp. 373, 375-76 (E.D. Va. 1978)(holding that the defendant affirmatively, by its own voluntary act, submitted to the jurisdiction of the Circuit Court and waived his right to removal).

23. It has been held that where a defendant has filed a counterclaim and/or an original action on the same claims pending before the State Court, "they waived their right to remove this case to federal court and are estopped from removal by their decision to invoke state court jurisdiction over their claim". *Paris v. Affleck*, 431 F.Supp. 878, 880 (M.D. Fla. 1977)(holding that the filing of a counterclaim concerning the same claims within plaintiff's complaint constitutes a waiver of removal).

24. Similar to *Paris*, in the Instant Lawsuit the Defendant actually filed three (3) separate lawsuits in the State Court in order to enforce the Foreign Judgments against the Plaintiffs. The three (3) State Court Enforcement Proceedings and the Instant Lawsuit are based upon the same identical issues, the enforcement of the Foreign Judgments. Thus, through the Defendant's **active, substantial, voluntary and continuing participation** (including "post-removal") in the State Court Enforcement Proceedings, the Defendant has waive its right to remove this matter under law.

25. Defendant has moved to transfer those three (3) cases to one Division (05) in the State Court, set a hearing on its Motion to Transfer for April 12, 2011, attended the hearing on April 12, 2011, and prevailed upon its Motion to Transfer in State Court in those cases wherein the same issues are pending as those referenced in Plaintiffs' Complaint herein. See **Composite Exhibit "D"**. That hearing on April 12, 2011, in State Court, occurred after the Notice of Removal was filed on April 1, 2011 - - once again evidencing a clear intention to proceed on these same issues in State Court and voluntarily submit itself to the jurisdiction of the State Court.

26. Furthermore, not only has the Defendant filed three (3) separate lawsuits in the State Court which related to the same claims asserted in the Instant Lawsuit, the Defendant has

also actively defended itself in the Instant Lawsuit in State Court by filing a Motion to Dismiss on April 1, 2011, when it was not required to do so - - Defendant alleged in its Notice of Removal that it had not yet served with the Complaint and thus Defendant was not required to file a responsive pleading at the time it filed its Notice of Removal. See **Exhibit "B" ¶1.**

> A defendant seeking removal of a state court action that it contends fails to state a cause of action must either (1) remove the action within twenty days and **file a motion to dismiss in federal court**, (2) file a motion to dismiss in state court and later seek removal, or (3) request an extension of time to respond to the Complaint in state court and then file the motion to dismiss after the Complaint is properly removed. *Somoano v. Ryder Sys., Inc.*, 985 F.Supp. 1476, 1478 (S.D. Fla. 1998)[emphasis added].

In the Instant Lawsuit, the Defendant's Notice of Removal (filed in federal court) and Motion to Dismiss (filed in State Court) were both filed on the same day - - April 1, 2011. Accordingly, the Defendant actively and substantially choose to defend itself in State Court at a time when it was aware of its ability and desire to remove to Federal Court; however, still choose to file its Motion to Dismiss in State Court, when it was not required to do so, and thus actively and voluntarily pursued the Instant Lawsuit in State Court and has waived its right to removal. See **Composite Exhibit "D"**; *See Atl. Hospitality of Florida, LLC v. Gen. Star Indem. Co.*, 09-23661-CIV, 2010 WL 5313493 (S.D. Fla. 2010)(holding that a defendant waives the right to removal if, **after the right to removal was apparent, it took 'clear and unequivocal actions' in state court** which manifested an intent to adjudicate there)[emphasis added]; *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004)(holding a state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal).

    27.    The Plaintiffs' Complaint sought for the State Court to stay enforcement of the Foreign Judgments under F.S. §55.509 in response to the three (3) separate State Court

Enforcement Proceedings. Through the Defendant's actions of filing three (3) separate complaints (i.e. the State Court Enforcement Proceedings) in State Court, filing a Motion to Transfer the State Court Enforcement Proceedings to one Division (05) in State Court, setting its Motion to Transfer for hearing in State Court and attending that hearing, which hearing occurred subsequent to the Notice of Removal, and filing a Motion to Dismiss in the Instant Lawsuit in State Court when the intent to remove was apparent and the Defendant was not required to respond to the Plaintiffs Complaint because it had not even been served, the Defendant has hereby actively engaged itself in the prosecution of its claims in State Court. See **Exhibit "B"** ¶1. The Defendant waived its right to removal of the Instant Lawsuit and thus the Instant Lawsuit should be remanded to the State Court.

C. **There Is No Federal Question Jurisdiction alleged on the face of the Plaintiffs' Complaint**

    28.    Under 28 U.S.C. §1332:

> the federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. An action arises under federal law within the meaning of Section 1331 if either: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a **substantial question of federal law**. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983)[emphasis added].

    29.    The courts have long held that "the presence or absence of federal-question jurisdiction is governed by the 'well-plead complaint,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint". *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)[emphasis added]. "The federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *Takeda v. Northwestern Nat. Life Ins. Co.,* 765 F.2d 815, 821-822 (9th

Cir. 1985), citing *Gully v. First National Bank*, 299 U.S. 109, 113 (1936).

30.  Where the Plaintiffs, as in the Instant Lawsuit, were required to file a complaint under Florida State law, the acceptance or rejection of the state forum should not be solely based upon the fact that the Plaintiffs abided by the rules of F.S. §55.509 - - allowing removal in this matter would be equivalent to basing removal upon a counterclaim filed by the defendant, a situation which the courts have repeatedly refused to uphold. *See Holmes Group v. Vornado Aircirculation S.*, 535 U.S. 826, 830-832 (2002)(holding that allowing removal based upon a defendant's counterclaim would <u>radically expand the class of removable cases; and it would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine</u>)[emphasis added].

31.  The Plaintiffs' Complaint does not plead any claim arising under federal law. The Plaintiffs filed the Instant Lawsuit in order to stay enforcement of the Foreign Judgments pursuant to F.S. §55.509, and the causes of action within the Complaint are as follows: F.S. §55.509 Action In Opposition To Enforcement Of Foreign Judgments (Count I), Declaratory Relief (Count II), Defamation (Count III, Breach Of Implied Covenant Of Good Faith And Fair Dealing In Contract (Count IV), Abuse Of Process (Count V) and Fraud (Count VI). The Plaintiffs' Complaint was filed in Miami-Dade County, Florida in order to stay enforcement of Foreign Judgments which were filed and recorded in Miami-Dade County, Florida, where the Defendant's State Court Enforcement Proceedings were filed.

32.  ZWIRN alleges that the "[r]esolution of the Complaint's allegations of federal due process and Supremacy Clause violations as a basis for opposing the enforcement of the foreign judgments against Plaintiffs necessarily requires the Court's interpretation of the U.S. Constitutional Law". See **Exhibit "B"**. This allegation misleads this Court regarding the claims

contained in the Plaintiffs' Complaint.

33.  The Plaintiffs' filed the Instant Lawsuit in order to stay enforcement of the Foreign Judgments as required under F.S. §55.509. Pursuant to F.S. §55.509(1):

> If, within 30 days after the date the Foreign Judgment is recorded, the Judgment Debtor files an action contesting the jurisdiction of the Court which entered the Foreign Judgment or the validity of the Foreign Judgment and records a Lis Pendens directed toward the Foreign Judgment, the Court shall stay enforcement of the Foreign Judgment and the Judgment lien upon the filing of the action by the Judgment Debtor.

34.  Despite the Defendant's allegations, the Plaintiffs' complaint solely relies on the interpretation of F.S. §55.509 and the Florida State Court's obligations to enforce foreiegn judgments under state law - - these issues do not raise a federal question. The Florida Supreme Court has held that the Full Faith and Credit Clause does not require Florida courts to enforce a judgment entered by a court that did not have personal jurisdiction in the action or where the judgment has been paid, discharged, or procured by fraud. *Trauger v. A.J. Spagnol Lumber Co., Inc.*, 442 So.2d 182, 183 (Fla. 1983)(citing *Milliken v. Meyer,* 311 U.S. 457 (1940). Thus, the appropriate analysis of whether or not the Foreign Judgments are enforceable relates to the interpretation of F.S. §55.509 alone and thus no federal question is presented before this Court.

35.  Additionally, any of the Plaintiffs' allegations within the Complaint relating to the lack of federal due process and the full faith and credit clause as a basis for denying enforcement under F.S. §55.509 do not show or tend to show the existence of a federal question in the Instant Lawsuit. *Givens v. Moll*, 177 F.2d 765, 767 (5th Cir. 1949); *See also Drawdy Inv. Co. v. Leonard*, 261 F.2d 226, 228 (5th Cir. 1958). If this court grants removal based upon the Defendant's allegation that the Complaint alleges issues of federal due process, then "every case brought to judgment in a state court could be made the basis of a suit in the federal court upon the ground of a federal question by the mere allegation that the state court judgment was obtained

in violation of due process". *Id.* (denying the appellant's claim that federal question jurisdiction existed based upon federal due process allegations).

36. Accordingly, there is no substantive federal question claim on the face of the Plaintiffs' Complaint and the mere assertion of a federal question alleged by the Defendant is plainly void of merit. *Ray v. Marion County, Fla.*, 71 F.2d 509, 510 (5th Cir. 1934)(denying the defendant's meritless assertions of federal question jurisdiction based upon federal due process); *See also Dixon v. Martin*, 260 F.2d 809, 811 (5th Cir. 1958)(holding a federal question plainly devoid of merit will not sustain jurisdiction). Thus, the Instant Lawsuit should be remanded back to the State Court for lack of federal question jurisdiction.

### D. Removal Is Not Proper Under 28 U.S.C. §1452(A) As All Bankruptcy Issues Are Being Adjudicated In Bankruptcy Court

37. The Defendant wrongfully claims that the Instant Lawsuit should be removed under 28 U.S.C. §1452(A). See **Exhibit "A"**, ¶¶18-24. Once again the Defendant's attempt for jurisdiction to remove the Instant Lawsuit is without merit.

38. The Defendant's allegations that Instant Lawsuit should be removed due to issues relating to federal bankruptcy jurisdiction are completely irrelevant to the Plaintiffs' claims within the four corners of the Complaint. Any issues arising under federal law concerning the Bankruptcy Case are being handled in the Federal Bankruptcy Court, **in which Bankruptcy Case the Defendant is actively participating**. See **Exhibit "A"**, Bankruptcy Case Docket.

39. The Defendant's allegation is that this action is "related to bankruptcy"; however, all bankruptcy issues will be adjudicated in the Bankruptcy Case and will become res judicata in the State Court Enforcement Proceedings filed by the Defendant and in the Instant Lawsuit filed by the Plaintiffs. There is simply no need for this Court to exercise jurisdiction over any issues relating to RODY's bankruptcy as all issues will be properly adjudicated in the Bankruptcy Case

itself. Instead, all allegations within the Plaintiffs' Complaint concern purely state law and there is no need for removal based upon 28 U.S.C. §1452(A).

40. "When determining whether a sufficient equitable ground is present for remand [which was removed under 28 U.S.C. §1452], the Court weighs considerations such as judicial economy, comity and respect for state court capabilities, and the effect on the administration of the estate". *In re Olympia Holding Corp.*, 215 B.R. 254, 256 (Bankr. M.D. Fla. 1997)(holding that while bankruptcy issues were present, the factors weigh in favor of remand to state court). The sole reference in the Plaintiffs' Complaint to issues relating to bankruptcy are mentioned to provided a reasonable justification and defense to the "notice of default" alleged in the Defendant's State Court Enforcement Proceedings against the Guarantors (i.e. - - that RODY ignored the notice of default because he was discharged in the Bankruptcy Case). Accordingly, while the Plaintiffs' Complaint may reference RODY's Bankruptcy Case, this alone is not a proper basis to support jurisdiction under §1334(b). *In re United Container LLC*, 284 B.R. 162, 169 (Bankr. S.D. Fla. 2002).

41. Accordingly, the Bankruptcy Case cannot be the basis upon which the Defendant attempts to remove this matter to federal court. The Plaintiff's Complaint does not present any substantial bankruptcy issues which would grant this Court jurisdiction over the Plaintiff's Complaint. The Defendant is actively participating in the Bankruptcy Case in order to protect its interests and any claims relating thereto will properly be decided in the Bankruptcy Case under federal bankruptcy law. In fact, the losing party on those bankruptcy issues has the right to appeal to the United States District Court, Southern District of Florida. Thus, because all related bankruptcy issues, if any, within the Plaintiff's Complaint are properly being adjudicated in the appropriate bankruptcy forum, this Court should decline to exercise supplemental jurisdiction

over the pendent state law claims. *See Engle v. R.J. Reynolds Tobacco Co.*, 122 F.Supp.2d 1355, 1358 (S.D. Fla. 2000).

### E. **F.S. §55.509 Requires A Judgment Debtor To File A Complaint To Stay Enforcement Of A Foreign Judgment.**

42. The Instant Lawsuit was filed by the Plaintiffs on March 24, 2011, as an action required under Florida Law, to stay enforcement of the Foreign Judgments entered against them by the Defendant. *See F.S. §55.509; See also Walters v. Aquatic Sensors Corp.*, 633 So.2d 475 (Fla. 1st DCA 1994).

43. By allowing the Defendant to remove the Instant Lawsuit to federal court, would, in essence, penalize the Plaintiffs for filing the Instant Lawsuit and abiding by the requirements established under Florida Law. Such injustice cannot be assumed to have been intended by the Florida Legislature when drafting F.S. §55.509 as the requirement to stay enforcement of the Foreign Judgments.

44. The Defendant is attempting to unjustly manipulate Florida Law to its advantage by attempting to:

   a. Not have the Bankruptcy Court rule on the enforceability of RODY's Bankruptcy Case, even though the Bankruptcy Court has jurisdiction and the Defendant has filed a Response and Memorandum of Law in opposition in the Bankruptcy Case;

   b. Not have the State Court address the State Court Enforcement Proceedings which the Defendant filed in State Court;

   c. Not have the State Court adjudicate the issues of Florida State law under F.S. §55.509; and

   d. Bootstrap the Instant Lawsuit and State Court Enforcement Proceedings to require the South District of Florida District Court to transfer the action to federal court in

New York, so as to have a federal court in New York determine the enforceability of the Foreign Judgments in Florida under F.S. §55.509 - - when the Defendant filed the State Court Enforcement Proceedings in Florida, moved to transfer those cases to one Division in State Court, attended a hearing and litigated that issue (after the Notice of Removal), filed a Motion to Dismiss in State Court in the Instant Lawsuit when it was not yet required to do so, and availed themselves of Florida Court Jurisdiction on these same issues/matters.

45. The Defendant's Notice of Removal was filed solely to get this matter transferred back to New York (See **Exhibit "C"** at pp 2-3 and **Exhibit "E"**), an inconvenient forum for Plaintiffs (who have no minimum contact with New York). It is patently absurd to have a New York Federal Court rule upon the enforceability of New York State udgments in Florida under a Florida Statute - - when those same issues are currently pending and being pursued by the Defendant in Miami-Dade County, Florida in the three (3) State Court Enforcement Proceedings. Such actions by the Defendant should not be allowed and are simply improper and have no basis under federal and/or Florida law.

### F.  ZWIRN Has Failed to Satisfy The Amount In Controversy Requirement Of 28 U.S.C. §1332

46. Plaintiffs have filed claims for F.S. §55.509 Action In Opposition To Enforcement Of Foreign Judgments (Count I), Declaratory Relief (Count II), Defamation (Count III, Breach Of Implied Covenant Of Good Faith And Fair Dealing In Contract (Count IV), Abuse Of Process (Count V) and Fraud (Count VI).

47. Plaintiffs' Complaint attempts to preclude enforcement of the Foreign Judgments via injunctive and declaratory relief (with no amount in controversy) and for other causes of action. Plaintiffs' alleged damages are in excess of $15,000.00 (see ¶6 of Plaintiffs' Complaint).

*Rodovaldo Gomez, et al., v. DB Zwirn Special Opportunities Fund, L.P.    Case No.:11-cv-21155-KMM*

48.   "Where the basis for removing a case to federal court is diversity jurisdiction, the removing party must establish that the amount in controversy exceeds $75,000, exclusive of interest and costs." *Rae v. Perry*, 392 Fed.Appx. 753, 755 (11th Cir. 2010). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)[emphasis added].

49.   The Defendant improperly is attempting to assert that the Plaintiffs' Complaint "seeks relief that would confer a benefit on Plaintiffs that has a value in excess of $6 million". See **Exhibit "B"**, ¶13. Instead, what the Defendant is truly referring to is the value/benefit to the Defendant on the face of the three complaints filed by the Defendant in the State Court Enforcement Proceedings and not on the face of the Plaintiffs' Complaint in the Instant Lawsuit. The Defendant should not be allowed to use its amount in controversy alleged in its State Court Enforcement Proceedings to meet the requirements of 28 U.S.C. §1332 in the Instant Lawsuit.

50.   In the Instant Lawsuit, the Plaintiffs' request for relief does not exceed the amount in controversy requirement of $75,000.00 under 28 U.S.C. §1332. The $2 million judgment and the enforcement of same for which Defendant seeks to proceed upon in the State Court Enforcement Proceedings is a separate and independent lawsuit, it is not Plaintiffs' Complaint and thus does not create an "amount in controversy" of in excess of $75,000.00. In fact, Plaintiffs cannot yet quantify the exact amount of their damages as a result of the Foreign Judgments, but it is in excess of $15,000.00

51.   "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation **from the plaintiff's perspective**." *Cohen v.*

*Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)[emphasis added]. In the Instant Lawsuit, as mentioned above, the amount in controversy from the Plaintiffs' perspective is solely based on the damages incurred by the Plaintiffs as a result of the fraudulent and improper Foreign Judgments in which the Defendant obtained against them - - not the amount of the Foreign Judgments themselves.

52.   The Defendant's conclusory allegations that the amount in controversy is satisfied, which amount is based solely from the Defendant's own State Court Enforcement Proceedings, is insufficient to support the assertion that this Court has jurisdiction under 28 U.S.C. §1332. *Williams*, 269 F.3d at 1319(holding that a conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden).

53.   Accordingly, "the jurisdictional amount is neither stated clearly on the face of the documents before the court, nor readily deducible from them, [thus] the district court lacks jurisdiction and must remand to state court." *Rae*, 392 Fed.Appx. at 755[Emphasis added].

## IV. CONCLUSION

The Defendant has improperly attempted to remove this matter from the State Court. The Defendant has asserted no substantive federal question jurisdiction, jurisdiction under 28 U.S.C. §1452(A) and/or jurisdiction under 28 U.S.C. §1332 in order to justify removal of this action to federal court. Additionally, through its substantial, voluntary and active participation in the State Court Enforcement Proceedings where in these same issues are being address and through its filing of the Motion to Dismiss when not required to do so in the Instant Lawsuit in State Court, the Defendant has waived its right to remove this action to federal court. For the foregoing

reasons pursuant to 28 U.S.C. 1447 the Instant Lawsuit should be remanded back to the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida.

## V. COSTS AND ATTORNEY'S FEES

The removal of this case to federal court calls for payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal under 28 U.S.C. § 1441. *See Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 446 (9th Cir. 1992).

In exercising its discretion to award costs and attorney's fees, the Court should consider whether removal was improper, looking both at the nature of the removal and of the remand. *See Id.* The purpose of an award is not to punish the removing party but instead to reimburse the party who sought remand for litigation costs incurred as a result of unnecessary removal. *See Id.* Even if the Court finds the removal "fairly supportable," an award of costs and fees is within the Court's discretion when the removal was "wrong as a matter of law." *Balcorta v. Twentieth - Century-Fox Film Corp.,* 208 F.3d 1102, 1103, n.2 (9th Cir. 2000). Since the purpose and intent of the Notice of Removal was merely to bootstrap to get the Instant Lawsuit back to New York where Defendant is comfortable litigating this matter, reimbursement of the Plaintiff's expenses is appropriate in this case.

While, bad faith need not be shown under 28 U.S.C. § 1447(c). *Moore,* 981 F.2d at 446 in order to award attorney's fees, even if the Plaintiffs were required to show bad faith, it would be justified in the Instant Lawsuit as the Defendant is solely attempting to remove this action for the improper purpose of getting back to the New York venue so as harass and further harm the Plaintiffs.

Dated April 15, 2011.

Respectfully submitted,

**DAVID B. HABER, P.A.**

By: _____/s/ David B. Haber_____.
    David B. Haber, Esq. (Fla. Bar No. 435368)
    Lindsey F. Thurswell, Esq. (Fla. Bar No. 84747)
    201 S. Biscayne Blvd., Suite 1205
    Miami, Florida 33131
    Telephone:    (305) 379-2400
    Facsimile: (305) 379-1106

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on April 15, 2011, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being service this day on the following attorneys, in the manner specified:

Jose I. Astigarraga, Esq., jia@astidavis.com
Hal M. Lucas, Esq., hlucas@astidavis.com
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Via transmission of Notices of Electronic Filing generated by CM/ECF and via E-mail

Scott S. Balber, Esq., SBalber@chadbourne.com
Robert E. Grossman, Esq., RGrossman@chadbourne.com
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112
Via transmission of Notices of Electronic Filing generated by CM/ECF and via E-mail

Respectfully submitted,

**DAVID B. HABER, P.A.**

By: _____/s/ David B. Haber_____.
    David B. Haber, Esq. (Fla. Bar No. 435368)
    Dhaber@dhaberlaw.com
    Lindsey F. Thurswell, Esq. (Fla. Bar No. 84747)
    Lthurswell@dhaberlaw.com
    201 S. Biscayne Blvd., Suite 1205
    Miami, Florida 33131
    Telephone:    (305) 379-2400
    Facsimile: (305) 379-1106