# Exhibit "C"

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 11-09152-CA-40

RODOVALDO RODY GOMEZ,
individually, SABY GOMEZ DE MOLINA,
individually, and RODY GOMEZ a/k/a
RODY GOMEZ JR., individually,

      Plaintiffs,

   v.

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND L.P.,

      Defendant.



THE ORIGINAL FILED ON:
APR 0 1 2011
IN THE OFFICE OF CIRCUIT COURT DADE CO., FL

## DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE

COMES NOW, defendant Fortress Value Recovery Fund I LLC f/k/a D.B. Zwirn Special Opportunities Fund, L.P. ("Defendant"), by and through its undersigned counsel, respectfully submits this motion to dismiss the complaint of plaintiffs Rodovaldo Rody Gomez, Saby Gomez de Molina, and Rody Gomez a/k/a Rody Gomez Jr. (collectively, "Plaintiffs") for improper venue, pursuant to Fla. R. Civ. P. 1.140(b)(3) and 28 U.S.C. § 1406.

### STATEMENT OF FACTS

Defendant was a lender to several trucking companies and dealerships owned and operated by Rody Truck Enterprises, Inc. ("Borrowers") pursuant to a Financing Agreement dated June 29, 2007. (Compl. ¶ 14.) At the time Plaintiffs commenced this action, Defendant was a limited liability company organized under the laws of the State of Delaware with its principal place of business in New York. (See id. ¶¶ 4, 16.)

On February 17, 2009, Defendant entered into a Settlement Agreement with Borrowers. (See Compl. ¶ 16.) Plaintiffs further executed the Settlement Agreement as Borrowers' guarantors. (See id.) Pursuant to the Settlement Agreement's forum selection clause, any dispute "arising out of or related" to the Settlement Agreement would be subject to the exclusive jurisdiction of New York state or federal courts, and would be governed under New York law. (See id. at Composite Ex. 1 at Ex. A ("Settlement Agreement"), at § 19.)

As a guarantor, each Plaintiff additionally signed a confession of judgment for $2 million. (See Compl. ¶ 16.) Pursuant to the Settlement Agreement, the confessions of judgments could be enforced against Plaintiffs upon the triggering of one of the events of default enumerated in Section 5 of the Settlement Agreement ("Events of Default"). (See Settlement Agreement, at § 5.) On February 1, 2011, Defendant sent Plaintiffs a Notice of Default, in a manner as prescribed by the Settlement Agreement, informing them that Borrowers and the Plaintiffs had violated several provisions of the Settlement Agreement. (See Compl. ¶¶ 23-24; id at Composite Ex. 1 at Ex. D ("Notice of Default"); Settlement Agreement, at §§ 5(a)-(b), 15.) When Plaintiffs failed to cure the defaults, Defendant filed the confessions of judgment with the County Clerk's Office for the Supreme Court of the State of New York, and received a final judgment for $2 million against each Plaintiff. (See Compl. ¶¶ 37-38.) On February 23, 2011, the final judgments against Plaintiffs were recorded by the Clerk of Circuit and County Courts for Miami-Dade County, Florida. (See id. ¶¶ 40-41.)

Plaintiffs subsequently filed a Complaint against Defendant on March 24, 2011, asserting causes of action for (i) an action in opposition to the enforcement of the foreign judgment, pursuant to Fla. Stat. § 55.509 (Count I); (ii) declaratory relief (Count II);

(iii) defamation (Count III); (vi) breach of implied covenant of good faith and fair dealing in contract (Count IV); (v) abuse of process (Count V); and (vi) fraud (Count VI).

### THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE

The Complaint must be dismissed for lack of venue pursuant to Fla. R. Civ. P. 1.140(b)(3) and 28 U.S.C. § 1406 because the instant dispute arises out of the parties' Settlement Agreement, and accordingly must be governed by New York law and adjudicated in a New York court. Pursuant to the Settlement Agreement's forum selection clause, Plaintiffs are obligated to submit all disputes arising out of or related to the Settlement Agreement in a New York court.[1] "[I]t is the well-settled policy of the courts of [New York] to enforce contractual provisions for choice of law and selection of a forum for litigation." Sterling National Bank as Assignee of Norvergence, Inc. v. Eastern Shipping Worldwide, Inc., 35 A.D.3d 222, 222 (1st Dep't 2006) (internal quotations omitted). "Forum selection clauses, which are prima facie valid, are enforced because they provide certainty and predictability in the resolution of disputes." Id. (internal quotations omitted). Florida law further authorizes parties to stipulate in their contract to the venue that will be used to interpret and enforce their contract. See Manrique v. Fabbri,

---

[1] Section 19 of the Settlement Agreement provides:

> "This Agreement shall be governed by the laws of the State of New York applicable to agreements entered into within the State of New York excluding the choice of law rules thereof. All disputes arising out of or related to this Agreement shall be submitted to the state and federal courts situated in the state of New York in the County of New York, and each Party irrevocably consents to personal jurisdiction and venue in such courts and waives all objections thereto."

(Settlement Agreement, at § 19.)

493 So. 2d 437, 440 (Fla. 1986); see also Corsec, S.L. v. VMC Int'l Franchising, LLC, 909 So. 2d 945, 947 (Fla. 3d DCA 2005) ("Forum selection clauses . . . are presumptively valid."). If a venue selection clause unambiguously mandates that litigation be subject to an agreed upon venue, then it is reversible error for the trial court to ignore the clause. See Ware Else, Inc. v. Ofstein, 856 So. 2d 1079, 1081 (Fla. 5th DCA 2003).

The entire basis for the Complaint is to oppose enforcement of Defendant's rights and remedies against Plaintiffs under the Settlement Agreement, to seek a declaration of Plaintiffs' rights under the Settlement Agreement, and to pursue tort and contract claims arising out of the Settlement Agreement. Plaintiffs oppose enforcement of the foreign judgments against them on the grounds that they "did not default under any provision of the Settlement Agreement and [Defendant's] notice of the alleged defaults was improper, defective and unconscionable." (Compl. ¶ 53.) Plaintiffs further seek declaratory relief regarding their "rights under the terms of the Settlement Agreement, Confessions of Judgment and the Foreign Judgments," (id. ¶ 60), because they "are unsure as to the extent the Settlement Agreement and Foreign Judgments are enforceable, if at all . . . ." (id. ¶ 61).

Plaintiffs' claims in tort and contract also arise from either the terms of the Settlement Agreement or Defendant's subsequent actions to enforce those terms. Plaintiffs' defamation claims are based on some unspecified defamatory statements that Defendants published in "New York and Florida Public Records" by filing the foreign judgments. (See id. ¶ 66.) As the basis for Plaintiffs' breach of implied covenant of good faith and fair dealing in contract claim, Plaintiffs assert that "[t]he Parties, pursuant to their execution of the Settlement Agreement had an implied covenant of good faith and fair dealing with respect to the Settlement Agreement." (Id. ¶ 72.) The abuse of process claim is premised on allegations that the Notice of Default was

purportedly "a blatant attempt by [Defendant] to merely obtain an uncontested $2 Million Confession of Judgment against [Plaintiffs] before the expiration of the Settlement Agreement's two (2) year Time Limit . . . ." (Id. ¶ 77.) Similarly, Plaintiffs' fraud claims are based on assertions that Defendant "has acted fraudulently throughout the entire course of dealing with [Plaintiffs], including but not limited to, the execution of the Settlement Agreement, Confessions of Judgment, and Notice of Default and in initiating the Original Proceedings and the Enforcement Proceedings." (Id. ¶ 80.)

Accordingly, because Plaintiffs' causes of action arise from the terms and enforcement of the Settlement Agreement, the Settlement Agreement's forum selection clause controls, and the Complaint should be dismissed in its entirety for improper venue.

## CONCLUSION

For all of the foregoing reasons, Defendant's motion to dismiss the Complaint should be granted it its entirety.

Dated: April 1, 2011

Respectfully submitted,

ASTIGARRAGA DAVIS MULLINS &
GROSSMAN, P.A.

By _____
Gregory S. Grossman
Florida Bar No.: 896667
Hal M. Lucas
Florida Bar No.: 0853011
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 1st day of April, 2011, a copy of the foregoing Motion to Dismiss for Improper Venue was served on the following counsel of record by first-class mail, postage prepaid:

>David B. Haber, Esq.
>Law Offices of David B. Haber, P.A.
>201 S. Biscayne Blvd., Suite 1205
>Miami, Florida 33131
>Counsel for Plaintiffs

and a courtesy copy was sent by email.

_____
for Gregory S. Grossman