**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 11-cv-21155-KMM**

RODOVALDO RODY GOMEZ, individually,
SABY GOMEZ DE MOLINA, individually,
and RODY GOMEZ a/k/a RODY GOMEZ JR.,
individually,

       Plaintiff,

vs.

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P.,

       Defendant.

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND AND**
**INCORPORATED MEMORANDUM OF LAW**

      The Plaintiffs, RODOVALDO RODY GOMEZ ("RODOVALDO"), SABY GOMEZ DE

MOLINA ("SABY") AND RODY GOMEZ a/k/a RODY GOMEZ JR. ("RODY") (hereinafter

RODOVALDO, SABY and RODY will be collectively referred to as the "Plaintiffs"), by and

through their undersigned counsel, files this Reply in Support of the Plaintiff's Motion to

Remand and Incorporated Memorandum of Law ("Reply") and in support thereof states as

follows:

**PRELIMINARY STATEMENT**

      The Plaintiff offers this Reply to Defendant's Memorandum of Law in Opposition to

Plaintiffs' Motion to Remand ("Response") to: (i) rebut Defendant's assertions that Defendant

has not waived its right to remove this Action; and (ii) point out that Defendant's failure to meet

material requirements in seeking removal of this Action has thus rendered Defendant's Removal

of this Action improper.

*Rodovaldo Gomez, et al., v. DB Zwirn Special Opportunities Fund, L.P.      Case No.:11-cv-21155-KMM*

## I. DEFENDANT HAS WAIVED ITS RIGHT TO REMOVE THIS ACTION

The Defendant's assertion that "Defendant has not filed any complaints, asserted any causes of action or counterclaims, or began any proceedings to enforce the Foreign Judgments against Plaintiffs in this Action or otherwise" is false and contrary to the unequivocal affirmative steps taken by the Defendant in the State Court Enforcement Proceedings[1]. (*See* Response p.10).

Contrary to the Defendant's assertion that it has not "began any proceedings to enforce the Foreign Judgments" (*See* Response p.10), the Defendant has taken the following affirmative actions, at its own election in the State Court Enforcement Proceedings (collectively the "Affirmative State Court Actions"):

- filed three (3) separate lawsuits in state court in order to enforce the Foreign Judgments against the Plaintiffs[2];

- moved to transfer and consolidate the State Court Enforcement Proceedings ("Transfer Motions"), set a hearing on same, attended said hearing and prevailing on Defendant's  Transfer Motions;

- filed three (3) separate response motions in the State Court Enforcement Proceedings ("Response Motions") and wrote a letter to Judge Schumacher, a State Court Judge, attaching the Response Motions and case law in support of the Response Motions (all of which reference Florida law and decisions rendered by Florida courts); and

- attended hearings on May 12, 2011, in State Court, on the Motions to Set Bond Amount and Motions to Quash the Foreign Judgments.

The Defendant was not required by Florida law to take any of the Affirmative State Court Actions, but instead, voluntarily chose to do so.  Defendant affirmatively litigated and took

---

[1] Capitalized terms set forth in this Reply without definition are used herein with the same definitions set forth in the Plaintiff's Motion for Remand.

[2] Case No. 11-04320-CA-08 ("RODY Case"), Miami-Dade Case No. 11-4324-CA-06 ("Rodovaldo Case") and Miami-Dade Case No. 11-4312-CA-05 ("Saby Case"). See Remand Mot. ¶10.

DAVID B. HABER, P.A.
201 S. Biscayne Blvd., Suite 1205, Miami, FL 33131

*Rodovaldo Gomez, et al., v. DB Zwirn Special Opportunities Fund, L.P.*     *Case No.:11-cv-21155-KMM*

substantial offensive steps in the State Court Enforcement Proceedings.  Specifically, Defendant was not required to file the state court actions underlying the State Court Enforcement Proceedings, but instead choose to file same and avail itself in State Court. *See Haigh v. Planning Bd. of Town of Medfield*, 940 So.2d 1230, 1233 (Fla. 5th DCA 2006)(holding that the FEFJA does not require a suit to be filed by the judgment creditor). The applicable state enforcement statute, F.S. §55.503, does not require a suit to be filed by the judgment creditor. See  F.S. §55.503( referencing that all matters concerning a foreign judgment shall be handled specifically by the circuit court). On the contrary, the judgment creditor can simply record the foreign judgment in the clerk's office, at which point the clerk sends notice of the recording to the judgment debtor.  F.S.§§ 55.503(1), .505(2); *See Hinchee v. Golden Oak Bank*, 540 So.2d 262, 263 (Fla. 2d DCA 1989) (Under the Act, a judgment creditor may record the foreign judgment without filing an action to enforce it. The judgment debtor may then file an action in the circuit or county court to challenge jurisdiction of the foreign court or the validity of the foreign judgment. F.S. § 55.509(1)); *See also* F.S. § 55.509(2).

Contrary to the course of actions permitted in Florida under F.S. §55.509, and contrary to Defendant's assertion that it has not taken any action to "enforce" the Foreign Judgments, it is clear that the Defendant's  Affirmative State Court Actions constitute a "'clear and unequivocal' actions in state court that manifest its intent to have the matter adjudicated there." *Engle v. R.J. Reynolds Tobacco Co.*, 122 F.Supp.2d 1355, 1360 (S.D. Fla. 2000). *See* Remand Mot. ¶22.

## II.     DEFENDANT FAILS TO MEET THE REQUIREMENTS OF REMOVAL REGARDING FEDERAL JURISDICTION AND THUS REMAND IS NECESSARY

A.     *Failure to meet the amount in controversy requirement pursuant to 28 U.S.C. § 1332*

Removal of this Instant Lawsuit was not proper and thus this Court should grant

DAVID B. HABER, P.A.
201 S. Biscayne Blvd., Suite 1205, Miami, FL 33131

*Rodovaldo Gomez, et al., v. DB Zwirn Special Opportunities Fund, L.P.*     *Case No.:11-cv-21155-KMM*

Plaintiffs' Motion to Remand because the amount in controversy requirement, applicable under 28 U.S.C. § 1332 (diversity jurisdiction) and § 1441 (removal), is not satisfied.  Defendant's position that the amount in controversy is in excess of $75,000.00 is unsupported by its case law cited in the Response.  *See* Response p.11.

Defendant's reliance on *Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d 93 (11th Cir. 1996) is less than persuasive.  In *Guardian*, the Eleventh Circuit was not evaluating the amount in controversy in a matter where the plaintiff was seeking injunctive or declaratory relief, but rather the plaintiff was seeking rescission of an insurance policy.  Defendant's conclusion that the face value of the Foreign Judgment's dictates the amount in controversy is inapplicable to the Instant Lawsuit because the Plaintiffs' underlying cause of action seeks injunction and declaratory relief.

The Defendant's assertion that the "monetary value of the benefit that would flow to each Plaintiff if the injunction is granted in $2 million" (Response P.12), as alleged grounds for satisfying the amount in controversy requirement, blatantly and intentionally omits the fact that the Defendant originally obtained and recorded the Foreign Judgments in New York. Defendant's assertion that resolution of the Verified Complaint in the Instant Lawsuit would automatically render the Plaintiffs "not liable for the $6 million face value of the Foreign Judgments" (Remand P.13) presupposes that the resolution of the Instant Lawsuit will be binding on the New York Courts[3].  Plaintiffs have asserted in the Instant Lawsuit that the Foreign Judgments cannot be enforced in Florida under F.S. §55.509 and are invalid for enforcement

---

[3] It is unknown by Plaintiffs' counsel as to what impact Plaintiffs prevailing in the Instant Lawsuit will have upon the recorded Foreign Judgments in New York as undersigned counsel is not a New York attorney. Undersigned counsel presumes that a determination herein in Plaintiffs' favor will preclude enforcement of the Foreign Judgments in Florida, but it is unknown at this time as to what such a ruling has on the New York court system and the Foreign Judgments themselves.

DAVID B. HABER, P.A.
201 S. Biscayne Blvd., Suite 1205, Miami, FL 33131

*Rodovaldo Gomez, et al., v. DB Zwirn Special Opportunities Fund, L.P.*   *Case No.:11-cv-21155-KMM*

purposes in Florida.

The cases cited by the Plaintiffs in the Motion for Remand directly address the issue before this Court.  *See* Remand Mot. ¶48, 53; *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (when a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective). The Plaintiffs seek damages incurred by the Plaintiffs' as a result of the Defendant's fraudulent and improper enforcement of the Foreign Judgments in Florida. Therefore, the Defendant has failed to establish by a preponderance of the evidence that the amount in controversy on the face of the Plaintiffs' complaint and from the Plaintiffs' perspective is in excess of $75,000.00.

B.      *Failure to satisfy the federal question requirements of 28 U.S.C. §1331*

Removal was not proper because none of the Plaintiffs' claims, on the face of the Verified Complaint, require a determination to be made under the Constitution, laws or treaties of the United States.  In *Gully v. First National Bank,* 299 U.S. 109 (1936), Judge Cardozo, in determining that  federal-question jurisdiction was not appropriate held that, "[w]hat is needed is something of that common-sense accommodation of judgment to kaleidoscopic situations which characterizes the law in its treatment of problems of causation". *Id.* at 117. The United States Supreme Court went on to hold in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986) that:

> the presence of [a] federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system … [T]he congressional determination that there should be [a] federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction. *Id.* at 814.

The Defendant's assertion to the contrary is unsupported by the Defendant's reliance on

*Rodovaldo Gomez, et al., v. DB Zwirn Special Opportunities Fund, L.P.*   Case No.:11-cv-21155-KMM

*Franchise Tax Bd. V. Constr. Laborers Vacation Trust,* 462 U.S. 1, 27-28 (1983); (*See* Response p.16). In fact, the Supreme Court's holding in *Franchise* directly supports Plaintiffs' Motion for Remand. In the Majority Opinion in *Franchise*, Justice Brennan held that removal to federal court was improper because the underlying cause of again was explicitly concerning state law, said state law's conditions were without reference to federal law, and the plaintiff's underlying action presented a claim for state declaratory judgment. *See Id.* at 10-11 and 13. Specifically, the holding in *Franchise* addressed whether or not peripheral federal law references may rise to the level of conferring original federal question jurisdiction:

> Thus, a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, *Taylor v. Anderson, supra; Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), or that a federal defense the defendant may raise is not sufficient to defeat the claim, *Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894). "**Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution**." *Louisville & Nashville R. Co. v. Mottley, supra,* 211 U.S., at 152, 29 S.Ct., at 43. For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff* 's complaint establishes that the case "arises under" federal law. *Id* at 10. [Emphasis added].

These factors relied upon by the Supreme Court in *Franchise* in evaluating the "well-pleaded complaint" rule are directly applicable to the Instant Lawsuit. Here, the Plaintiffs' Verified Complaint was filed explicitly under a state law cause of action (F.S. §55.509), the requirements and conditions of said state law do not make any reference to federal law (and specifically reference state circuit and county courts) and the mere fact that issues might be presented in the course of this Action that cite federal law, said references are merely peripheral and do not require the constitutionality of same to be decided in the Instant Lawsuit by the Federal Court. Accordingly, there is no substantive issue of federal law on the face of Plaintiffs'

DAVID B. HABER, P.A.
201 S. Biscayne Blvd., Suite 1205, Miami, FL 33131

*Rodovaldo Gomez, et al., v. DB Zwirn Special Opportunities Fund, L.P.*     *Case No.:11-cv-21155-KMM*

Verified Complaint that requires the constitutionality of same to be decided under federal law and thus removal was not proper under the "well-pleaded complaint" rule.

C.     *This Action is not "related to" Rody Gomez's Federal Bankruptcy Case Sufficient to Establish Federal Jurisdiction*

Defendant's assertion that removal of the Instant Lawsuit is proper because the Instant Lawsuit is "related to" Rody Gomez's Bankruptcy Proceeding and thus proper under 28 U.S.C. §1334(b) is founded upon Defendant's incorrect analysis of its own case law. (*See* Response p.13). Defendant cites the case of *Miller v. Kemira, Inc. (In re Lemoco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990), for the proposition that "an action is 'related to' a bankruptcy case if the litigation may have a 'conceivable effect' on the bankruptcy estate. (*See* Response P.13).   In *Miller*, the Eleventh Circuit held that the district court itself did not have an independent basis for federal question jurisdiction over a dispute between the debtor's former landlord and a subsequent buyer of the debtor's assets.   The denial of jurisdiction was specifically predicated on the fact that:

> "Overlap between the bankruptcy's affair and another dispute is insufficient unless its resolution also affects the bankruptcy's estate or the allocation of assets among creditors." *Id.* at 789.

Similarly, resolution of the Plaintiffs' claims in the Verified Complaint will not have a "conceivable effect" on Rody Gomez's Bankruptcy Proceeding.   Contrary to Defendant's assertion, Plaintiffs are not seeking adjudication of any matters that will have a "conceivable effect" on the Bankruptcy Proceeding. Nor do the Plaintiffs seek resolution of claims in the Verified Complaint that seeks to reset the allocation of assets among Rody Gomez's creditors in the Bankruptcy Proceeding.   To the contrary, any overlapping issues between the Instant Lawsuit and the Bankruptcy Proceeding will merely maintain the status quo in the Bankruptcy Proceeding and thus have no effect.   Defendant's mere recitation to the overlapping "facts" and

DAVID B. HABER, P.A.
201 S. Biscayne Blvd., Suite 1205, Miami, FL 33131

*Rodovaldo Gomez, et al., v. DB Zwirn Special Opportunities Fund, L.P.     Case No.:11-cv-21155-KMM*

"allegations" of the Instant Lawsit and the Bankruptcy Proceeding (Response P.14-15) is wholly unpersuasive as an attempt to establish a "conceivable effect" in the Instant Lawsuit. Defendant's  fail to set forth any tangible effect that resolution of the Verified Complaint will have on Rody Gomez's Bankruptcy Proceeding and/or the estate.  As such, Rody Gomez's Bankruptcy Proceeding is an improper ground for the Defendant to support its Removal of the Instant Lawsuit and opposition to the pending Motion for Remand.

D.     *The mere fact that F.S. §55.509 may be adjudicated in Federal Court is not a proper basis to deny remand in the Instant Lawsuit.*

Plaintiff asserts that F.S. §55.509 claims can be adjudicated in Federal Court citing to *Robertson-Ceco Corp. v. Cornelius,* 2007 WL 1020326 (N.D. Fla. 2007). (*See* Response P. 18). In *Robertson-Ceco Corp.,* there was no objection to removal by the judgment debtor; however, in the Instant Lawsuit, Plaintiffs have moved to remand, cited grounds for remand and provided authority for the proposition that removal is inappropriate in the Instant Lawsuit. (*See* Remand). Therefore, *Robertson-Ceco Corp.* is inapplicable to the Instant Lawsuit for the proposition that the Instant Lawsuit should be litigated in Federal Court.

Finally, Defendant's sole purpose in seeking removal has been to attempt to have the Federal Court transfer the Instant Lawsuit to New York. The Court should remand the Instant Lawsuit back to Miami-Dade County Circuit Court where it belongs and should properly by adjudicated as directed under F.S. §55.509(2)(specifically noting that the circuit or county court of this state shall stay enforcement of the foreign judgment where appropriate).

## CONCLUSION

The Defendant has failed to meet removal standard of review set forth in 28 U.S.C. 1447(c).  *See* Remand Mot. ¶19. The Defendant's Response fails to set forth adequate grounds in opposition to Plaintiffs' Motion for Remand.  Alternatively, the Plaintiffs' Motion for Remand

DAVID B. HABER, P.A.
201 S. Biscayne Blvd., Suite 1205, Miami, FL 33131

*Rodovaldo Gomez, et al., v. DB Zwirn Special Opportunities Fund, L.P.*   *Case No.:11-cv-21155-KMM*

should be granted because the Defendants' have taken substantive, voluntary and affirmative steps to participate in the State Court Enforcement Proceedings, thus waiving any right to remove the Instant Lawsuit to Federal Court, regardless of prior grounds that might have justified same.

<u>**CERTIFICATE OF SERVICE**</u>

    **WE HEREBY CERTIFY** that on May 11, 2011, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.   We also certify that the foregoing document is being service this day on the following attorneys, in the manner specified:

Jose I. Astigarraga, Esq., jia@astidavis.com
Hal M. Lucas, Esq., hlucas@astidavis.com
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Via transmission of Notices of Electronic Filing generated by CM/ECF

Scott S. Balber, Esq., SBalber@chadbourne.com
Robert E. Grossman, Esq., RGrossman@chadbourne.com
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112
Via transmission of Notices of Electronic Filing generated by CM/ECF

                Respectfully submitted,

                **DAVID B. HABER, P.A.**

                By: _____/s/ David T. Podein_____.
                    David B. Haber, Esq. (Fla. Bar No. 435368)
                    Dhaber@dhaberlaw.com
                    David T. Podein, Esq. (Fla. Bar No. 62038)
                    Dpodein@dhaberlaw.com
                    Lindsey F. Thurswell, Esq. (Fla. Bar No. 84747)
                    Lthurswell@dhaberlaw.com
                    201 S. Biscayne Blvd., Suite 1205
                    Miami, Florida 33131
                    Telephone:(305) 379-2400
                    Facsimile: (305) 379-1106

                    *Attorneys for Plaintiffs Rodovaldo*
                    *Rody Gomez, Saby Gomez de Molina,*
                    *and Rody Gomez  a/k/a Rody Gomez Jr.*