**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 11-cv-21155-KMM**

RODOVALDO RODY GOMEZ, individually,
SABY GOMEZ DE MOLINA, individually,
and RODY GOMEZ a/k/a RODY GOMEZ JR.,
individually,

       Plaintiff,

vs.

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P.,

      Defendant.

_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S**
**AMENDED MOTION TO TRANSFER PURSUANT TO 28 U.S.C §§ 1404(A) AND**
**1406(A) AND INCORPORATED MEMORANDUM OF LAW**

      The Plaintiffs, RODOVALDO RODY GOMEZ ("RODOVALDO"), SABY GOMEZ DE

MOLINA ("SABY") AND RODY GOMEZ a/k/a RODY GOMEZ JR. ("RODY") (hereinafter

RODOVALDO, SABY and RODY will be collectively referred to as the "Plaintiffs"), by and

through their undersigned counsel, files this Memorandum of Law in Opposition to Defendant's,

D.B. ZWIRN SPECIAL OPPORTUNITIES FUND, L.P. ("ZWIRN" or "Defendant"), Amended

Motion to Transfer Pursuant to 28 U.S.C. **§§** 1404(A) and 1406(A) and Incorporated

Memorandum of Law ("Memorandum in Opposition to Transfer") and in support thereof states

as follows:

## I.     PRELIMINARY STATEMENT

      Defendant's Amended Motion to Transfer is the latest manifestation of Defendant's

larger strategy to dissuade the Plaintiffs from pursuing their rights in defense of the Foreign

Judgments by driving up the litigation costs for Plaintiffs to pursue said rights. Defendant's

Amended Motion to Transfer is improper and should be denied because: (i) the Parties' Choice of Forum Clause is outweighed by competing factors; (ii) the convenience to the Parties clearly supports venue in Florida; and (iii) the convenience to the Witnesses clearly supports venue in Florida; (iv) the location of the relevant documents and sources of proof supports venue in Florida; and (v) familiarity with the governing Florida Statutes.

## II.      RELEVANT PROCEDURAL HISTORY

On March 24, 2011, Plaintiffs filed a Verified Complaint against the Defendants pursuant to Florida Statute §55.509. At all times material hereto, Plaintiffs were and are residents of Miami-Dade County, Florida (*See* Compl. ¶1-3).

On April 1, 2011, Defendant filed a Notice of Removal of the Plaintiffs' State Court Action (DE #1). On April 15, 2011, Plaintiffs filed a Motion to Remand this Action to State Court on the grounds that (i) Defendant has waived its right to remove the State Court Action by actively participating in the State Court Enforcement Proceedings; (ii) Plaintiffs properly filed this Action in State Court, as required by F.S. §55.509; and (iii) Defendant's removal of the Action from State Court to Federal Court is defective because this Court does not have original jurisdiction over the Plaintiffs' claims based upon Florida law in the Verified Complaint (DE #7).

On May 2, 2011, Defendant filed its Memorandum in Opposition to Plaintiffs' Motion to Remand (DE #12).  On May 11, 2011, Plaintiffs' filed their Reply Memorandum in Support of their Motion to Remand (DE #24).  To date, this Court has not ruled upon the Plaintiffs' Motion to Remand.

## III.      APPLICABLE LAW

Although a court may transfer venue of a case for the convenience of parties and

witnesses or in the interests of justice,  the plaintiffs' choice of forum should not be disturbed "unless it is clearly outweighed by other considerations." 28 U.S.C. § 1404(a); *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996).   The other considerations this Court must evaluate were explicitly set forth in *Manuel v. Convergys Corporation et al*, 430 F. 3d 1132 (11th Cir. 2005): (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See also*, *Ven-Fuel, Inc. v. Department of the Treasury et al*, 673 F.2d 1194, 1195 (11th Cir. 1982).

The Eleventh Circuit requires "the party objecting to jurisdiction in the first-filed forum [to] carry the burden of proving 'compelling circumstances' to warrant an exception" to it. *Robinson*, 74 F.3d at 260. Far from carrying its burden, the Defendant merely offers several pages of explanations as to why it would only be more convenient for one of the parties, the Defendant, and the Defendant's interest. A proper analysis of the effect of the *Manuel* factors on both parties clearly dictates against transfer.

   **A.    Parties' choice of forum is not entitled to weigh heavily in favor of transfer based upon *Carrizosa***

The thrust of Defendant's Amended Motion to Transfer is founded upon the existence of the Parties' Forum Selection Clause and Defendant's assertion that such a clause is a "significant factor" in this Court's analysis (Amended Mot. p. 9). Defendant's position is directly

DAVID B. HABER, P.A.
201 S. Biscayne Blvd., Suite 1205, Miami, FL 33131

contradicted by this Circuit's treatment of forum selection clauses.[1]   The law concerning forum selection clauses is clear and requires the District Court to conduct a full analysis under 28 U.S.C. §1404(a), of which part does include a weighing of factors for and against the forum-selection clause. See *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1998)(holding that the forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration … nor no consideration, but rather the consideration for which Congress provided in § 1404(a)… §1404(a) accords broad discretion to district court, and plaintiff's choice of forum is only one relevant factor for its consideration). Furthermore, the defendant wrongfully asserts that the sole conclusion to be made by this court on deciding whether or not to transfer venue is whether the forum-selection clause is unreasonable (Amended Mot. p. 6-9).   Instead, the District Court is required to address the convenience of the selected forum given the parties' expressed preference for that venue, and the fairness of transfer in light of the forum-selection clause and the parties' relative bargaining power.  *Stewart Org., Inc.*at 29. Accordingly, the Defendant's attempt to convince this Court that the forum-selection clause is absolute is blatantly incorrect.

In determining how much weight to give to plaintiff's choice of forum, courts also consider whether the **operative facts underlying the cause of action occurred in that forum**. If they did, plaintiff's choice is entitled to more weight.  *Carrizosa v. Chiquita Brands Intern., Inc., 07-60821-CIV, 2007 WL 3458987 (S.D. Fla. 2007)*. This consideration weighs heavily in favor of Plaintiffs and against transferring venue as requested by Defendant, as evidenced by the following facts:

---

[1] The Defendant also asserts that this case could have originally been brought in the Southern District of New York - - this allegation is completely ludicrous and false. F.S. §55.509 specifically states that the determination of the enforcement of a foreign judgment is to be made by "any circuit or county court of this state [where the action] would be stayed". § 55.509; (Amended Mot. P.4).

DAVID B. HABER, P.A.
201 S. Biscayne Blvd., Suite 1205, Miami, FL 33131

- Plaintiffs all resides in the State of Florida, respectively;

- All the Plaintiffs' and the Corporations' business affairs are and have been conducted in the State of Florida;

- The Financing Agreement and Guarantee were executed in the State of Florida;

- The Loan Documents concerned real and personal property owned by the Corporations which operated in the State of Florida and never did business in New York;

- Defendant and its attorney traveled to Florida to have the Settlement Agreement executed by the Plaintiffs in the State of Florida;

- The Settlement Agreement which was presented to the Plaintiffs one (1) day before execution was actually executed in Miami-Dade County, Florida by the Plaintiffs and Defendant itself, with Defendant's attorney present in Miami-Dade County, Florida;

- The Confessions of Judgment (which were attached to the Settlement Agreement and which Defendant used to obtain the New York Judgments) were also executed and notarized in Miami-Dade County, Florida with Defendant and its attorney present;

- At the time of and prior to execution of the Settlement Agreement, as well as at all times subsequent thereto, neither the Corporations nor the Plaintiffs were ever served with a Summons, Complaint or Judgment in New York;

- The liquidation of the Corporations occurred in Miami-Dade County, Florida and the assets which Defendant claims were somehow "not turned over" were also located in Florida;[2] and

- Defendant's liquidator of the assets is located in Fort Lauderdale, Florida and he allegedly liquidated the collateral in Florida.

In stark contrast, no facts occurred in New York that are operative on the determination of the enforceability of the Foreign Judgments pursuant to F.S. §55.509.  Because the state of Florida is where all of the operative facts have occurred, the Parties' purported choice of forum

---

[2] As set forth in Plaintiffs' Verified Complaint, Defendant waited twenty-three (23) months after the Settlement Agreement was executed to raise the claim/allegation of a "default" to support entry of the Confessions of Judgment

DAVID B. HABER, P.A.
201 S. Biscayne Blvd., Suite 1205, Miami, FL 33131

is not a considerable factor in this Court's analysis.

     **B.**    **The Convenience to the Parties Clearly Supports Denial of the Amended Motion to Transfer**

Defendant argues that the Southern District of New York is the most convenient forum to litigate the Plaintiffs' causes of action, as assessed under the Section 1404(a) factors. (Amended Mot. p.10). Defendant's analysis of the convenience factors is misleading and purports to have this Court view the convenience factor as only relevant in the eyes of the Defendant, who is funded by a prominent New York hedge fund with over forty-three billion dollars ($43,000,000,000) in assets under management ("Fortress Hedge Fund").[3]

The Defendant's self-serving conclusion that the Southern District of New York is the most convenient forum - - blatantly ignores the factors this Court must evaluate in its determination of same. It is a well-settled principal that the convenience of a large corporation is given very little weight, especially when contrasted with opposing parties/individuals of lesser means. *See FHB First Hawaiian Bank*, 2008 U.S. Dist. LEXIS 64218 at *21 ("FHB is a large corporation that is able to absorb the costs of out-of-state litigation."); *CBS Interactive, Inc. v. NFL Players Ass'n*, 259 F.R.D. 398, 410 (D. Minn. 2009) (defendants are large corporations that have the financial wherewithal to bear the expense of litigating this action in either forum) (internal quotation and citation omitted). Where larger corporations are sued by plaintiffs who possess significantly lesser resources than defendants, "the convenience of the parties" factor virtually always comes out against the transfer. *See*, e.g., *Dwyer*, 853 F. Supp. at 694 ("Plaintiffs are individuals who are suing a large corporation which possesses considerably greater financial assets. To force plaintiffs to travel to Maryland in order to go forward with their claim would

---

[3] See the company website and self-description of Fortress Investment Group LLC (NYSE: "FIG"), the parent company of Defendant D.B. Zwirn Special Opportunities Fund, L.P. successor-in-interest Fortress Value Recovery Fund I, LLC. http://www.fortressinv.com/AboutFortress/Default.aspx

DAVID B. HABER, P.A.
201 S. Biscayne Blvd., Suite 1205, Miami, FL 33131

merely increase the financial burdens they already face.  Any added expenses that GM might incur as a consequence of defending itself in this District do not justify shifting these expenses to plaintiffs."); *Allstar Mktg. Group, LLC*, 666 F. Supp. 2d at 1132 (citing *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 989 (E.D.N.Y. 1991) "[W]here a disparity between the parties exists, such as an individual plaintiff suing a large corporation, the court may also consider the relative means of the parties in determining whether to transfer.")).

Specifically, Plaintiffs are individuals of significantly less means than the Defendant. Defendant, on the other hand, is a large New York investment firm with considerable resources. Because Defendant is better able to bear the costs of litigating in this Florida forum, this factor weighs heavily against the transfer. *See, e.g., Perez v. Hyannis Air Serv., Inc.*, 2010 U.S. Dist. LEXIS 127421, *5 (D.V.I. 2010) (reasoning that because large corporate defendant "is in a better position to absorb the costs of litigating" in a distant forum, convenience of parties factor weighs against transfer); *Cosmetic Warriors, Ltd. v. Abrahamson*, 723 F.Supp.2d 1102, 1108 (D. Minn. 2010) (explaining that a "large corporation like CWL can bear the cost and inconvenience of litigating in Texas better than Abrahamson or two-employee Wink can bear the cost and inconvenience of litigating in Minnesota").

Interestingly, Defendant was prepared to litigate in Florida with Plaintiffs as evidenced by the filing of the three (3) State Court Enforcement Proceedings in Miami-Dade County, Florida.  However, once Defendant realized that Plaintiffs would actively litigate and defend the legality of the Foreign Judgments and their enforceability in Florida, Defendant now seeks "safe haven" by removing the action to Federal Court, seeking to transfer this action to New York so as to make it virtually impossible from an economical standpoint for Plaintiffs' to pursue their rights and defend the enforcement of the Foreign Judgments.

In sum, Defendant's Amended Motion to Transfer seeks to force the Plaintiffs to litigate this F.S. §55.509 claims in a forum (New York Federal Court) with which the Plaintiffs have zero connection and such would merely increase the financial burden the Plaintiffs' already face, in furtherance of Defendant's litigation scheme. Furthermore, whatever purported inconvenience might arise from Defendant's litigation in the Florida forum, do not justify shifting these expenses to the Plaintiffs. On the balance of the applicable factors, concern for the convenience of all parties dictates against the Defendant's Amended Motion to Transfer.

### C.    The Convenience of the Parties' Witnesses Clearly Supports Denial of the Amended Motion to Transfer

Defendant argues that "its party witnesses would suffer a considerable burden" in litigating in the Florida forum. (See Amended Mot. p.10). Again, Defendant's position is disingenuous as it fails to recognize that the overwhelming majority of the witnesses are located in South Florida. Defendant fails to list a single witness that would be required, let alone inconvenienced to the point of unacceptable financial burden, who is a current resident of New York and/or outside of Florida. In contrast, the vast majority of witnesses in this case are located in South Florida, including but not limited to: Rodovaldo Gomez; Rody Gomez; Saby Gomez; Former Employees of the Corporations (almost all of whom live in Miami-Dade County and/or Broward County, Florida); Former Employees of the Defendant's Liquidating Trustee (which liquidating company is located in Fort Lauderdale, Florida); and Third-Parties involved in the Auction Process of the Assets at issue.

Furthermore, it is likely that the overwhelming majority of witnesses in this Action are residents of South Florida who cannot be required to appear at trial through a subpoena anywhere but the Southern District of Florida. These factors, accordingly, weigh heavily in Plaintiff's favor. *Kay v. National City Mortgage,* 494 F. Supp. 2d 845 (S.D. Ohio 2007) ("The

convenience of witnesses is considered to be of the utmost importance in passing on a motion to transfer venue); *see also Jones v. Walgreen Co*. 463 F. Supp. 2d. 267 (D. Conn. 2006); *Columbia Pictures Industries, Inc. v. Fung,* 447 F. Supp. 2d 306 (S.D.N.Y. 2006); *Sovereign Bank, F.S.B. v. Rochester Community Savings Bank,* 907 F. Supp. 123 (E.D. Pa. 1995); *U.S. v. Harbrodt,* 773 F. Supp. 1240 (S.D. Iowa 1991); *Cambridge Filter Corp. v. International Filter Co., Inc.*, 548 F. Supp. 254 (D.C. Nev. 1982); *American Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254 (W.D. Mo. 1980); *Hyde Const. Co. v. Koehring Co.*, 321 F. Supp. 1193 (S.D. Miss. 1969); *Boyajyan v. Columbus Financial Group, Inc.*, 2007 WL 4410242 (S.D. Ohio 2007) (lawsuit transferred from Ohio to Virginia because that was the most convenient locale for the witnesses expected to testify at trial); *ESPN, Inc. v. Quicksilver, Inc.*, 581 F. Supp. 2d (S.D.N.Y. 2008) ("[o]n a motion to transfer venue for the convenience of the parties and the witnesses, in the interest of justice, the convenience of a non-party witness is accorded more weight than that of party witnesses). The primary concern of court should be to insure whenever possible live presence of the more material non-party witnesses. *See Coats Co., Inc. v. Vulcan Equipment Co., Ltd.*, 459 F. Supp. 654 (N.D. Ill. 1978).

### D.   The remaining factors the Court must consider in the interest of justice heavily favor denial of the Amended Motion to Transfer.

   i.   *Location of the relevant documents and relative ease of access to sources of proof*

Defendant fails to address this relevant *Manuel* factor altogether.  The transaction that served as the basis for the Parties Settlement Agreement, the Turnover (See Complaint at ¶ ), was an extensive transaction in scope.  The assets, collateral, corporate items, documents, records, and computer systems that were turnover to the Defendant were all located in South Florida. Transfer of this Action to New York would create a significant burden on the Parties' ability to access the sources of proof pertinent to the Parties' respective positions.  As such, this factor

weighs heavily in favor of denying Defendant's Amended Motion to Transfer.

    ii.    *Familiarity With Governing Law*

The present dispute is governed by Florida law. As noted above, the Plaintiffs' initiated this Action with their Verified Complaint filed pursuant to F.S. §55.509. Disposition of this Action, requires a judicial determination of whether or not the Foreign Judgments are enforceable in Florida against the Plaintiffs. Florida, not federal or New York, law governs the enforcement of the Foreign Judgments in this state. Although it would certainly be possible for a federal court in New York to interpret Florida law to resolve this Action, it cannot be reasonably argued that a New York court would be more familiar with Florida statutory scheme regarding enforcement of foreign judgments than a Florida court. Accordingly, this factor also weighs heavily in favor of denying the Amended Motion to Transfer.

## V.    <u>CONCLUSION</u>

As demonstrated above, the relevant *Manuel* factors weigh heavily in favor of denying the Defendant's Amended Motion to Transfer. Accordingly, Defendant has failed to carry its burden of proof required in order to transfer this Action away from Plaintiff's venue of choice. Accordingly, Defendant's Amended Motion to Transfer should be denied.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION</u>

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the Plaintiffs has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues and/or come to an agreement on the issues presented above.

<u>Dated: May 13, 2011</u>

By: <u>      /s/ David B. Haber    </u>.

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that on May 13, 2011, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being service this day on the following attorneys, in the manner specified:

Jose I. Astigarraga, Esq., jia@astidavis.com
Hal M. Lucas, Esq., hlucas@astidavis.com
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Via transmission of Notices of Electronic Filing generated by CM/ECF

Scott S. Balber, Esq., SBalber@chadbourne.com
Robert E. Grossman, Esq., RGrossman@chadbourne.com
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112
Via transmission of Notices of Electronic Filing generated by CM/ECF

Respectfully submitted,

**DAVID B. HABER, P.A.**

By: _____/s/ David B. Haber_____.
    David B. Haber, Esq. (Fla. Bar No. 435368)
    Dhaber@dhaberlaw.com
    David T. Podein, Esq. (Fla. Bar No. 62038)
    Dpodein@dhaberlaw.com
    Lindsey F. Thurswell, Esq. (Fla. Bar No. 84747)
    Lthurswell@dhaberlaw.com
    201 S. Biscayne Blvd., Suite 1205
    Miami, Florida 33131
    Telephone:(305) 379-2400
    Facsimile: (305) 379-1106

    *Attorneys for Plaintiffs Rodovaldo*
    *Rody Gomez, Saby Gomez de Molina,*
    *and Rody Gomez  a/k/a Rody Gomez Jr.*