UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-Civ-21155-Moore/Torres

RODOVALDO RODY GOMEZ, SABY GOMEZ
DE MOLINA, RODY GOMEZ A/K/A RODY
GOMEZ JR.,

                Plaintiffs,
v.

D.B. ZWIRN SPECIAL OPPORTUNITIES FUND
L.P.,

                Defendant.
_____/

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS AMENDED MOTION TO
TRANSFER PURSUANT TO 28 U.S.C. §§ 1404(A) AND 1406(A)**

Defendant Fortress Value Recovery Fund I LLC f/k/a D.B. Zwirn Special Opportunities Fund, L.P. ("Defendant") respectfully submits this reply memorandum of law in further support of its Amended Motion pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) to transfer the above-captioned action, brought by plaintiffs Rodovaldo Rody Gomez, Saby Gomez de Molina, and Rody Gomez a/k/a Rody Gomez Jr. (collectively, "Plaintiffs"), to the United States District Court for the Southern District of New York.

**PRELIMINARY STATEMENT**

Plaintiffs' Opposition to Defendant's Amended Motion to Transfer ("Opposition Brief" or "Opp. Br.") asks the court to ignore well-settled case law and to overrule the parties' agreed-upon forum for litigating disputes arising out of the Settlement Agreement. Despite their effort to avoid compliance with their agreement to litigate this action in New York, Plaintiffs do not challenge the validity, applicability, or reasonableness of the Settlement Agreement's Forum

Selection Clause. Instead, Plaintiffs completely ignore Defendant's arguments that the Forum Selection Clause requires transfer pursuant to 28 U.S.C. § 1406(a), and attempt to avoid exclusive jurisdiction in New York by asserting only that the Forum Selection Clause -- a significant factor in favor of transfer -- should be outweighed by various less significant competing factors, pursuant 28 U.S.C. § 1404(a).

The Court should reject this attempt. The action should be transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1404(a) or 1406(a) because the instant dispute -- including Plaintiffs' common law claims and causes of action to invalidate the Foreign Judgments -- arises out of the parties' Settlement Agreement, and accordingly should be governed by New York law and adjudicated in a New York court as required by the Forum Selection Clause.

## ARGUMENT

### I

### THE FORUM SELECTION CLAUSE ESTABLISHES EXCLUSIVE JURISDICTION IN NEW YORK AND SHOULD BE ENFORCED PURSUANT TO 28 U.S.C. § 1406(A)

**A.     Plaintiffs Do Not Dispute That The Forum Selection Clause Is Reasonable, Applicable To This Action, Or Enforceable Pursuant To 28 U.S.C. § 1406(a)**

Plaintiffs do not, and cannot, dispute that the Forum Selection Clause is reasonable and applicable to this action; and further do not contest whether the action should be transferred to the Southern District of New York, pursuant to 28 U.S.C. § 1406(a). Forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) (internal quotation omitted)). "[A] forum clause should control absent a strong showing that it should be set aside." Id. at 15. The party attempting to invalidate a forum

selection clause "carries a heavy burden" to prove that it should not apply. See id. at 17-19; Fred Lurie Assocs. v. Global Alliance Logistics, Inc., 453 F. Supp. 2d 1351, 1354 (S.D. Fla. 2006) (citations omitted). Having failed to make any showing that the Forum Selection Clause should be set aside, Plaintiffs have failed to meet their heavy burden.

Specifically, Plaintiffs make no attempt in their Opposition Brief to challenge the validity, reasonableness, or applicability of the Forum Selection Clause. Plaintiffs neither assert nor provide any evidence or supporting documents concerning whether the formation of the Forum Selection Clause was induced by fraud or overreaching; that litigating this action in New York would deprive them of their day in court; that New York law would deprive them of any remedy; or that enforcement of the Forum Selection Clause would contravene public policy. See Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), Ltd., No. 09-80207, 2009 U.S. Dist. LEXIS 51475, at * 3-4 (S.D. Fla. June 17, 2009) (citations omitted).

Therefore, the action should be transferred to the Southern District of New York, pursuant to 28 U.S.C. § 1406(a), because the Southern District of Florida is not a valid venue to adjudicate this dispute under the Forum Selection Clause. The Forum Selection Clause plainly establishes exclusive jurisdiction in this action in New York County. The parties' Forum Selection Clause and Choice of Law provisions are mandatory:

> "This Agreement *shall* be governed by the laws of the State of New York applicable to agreements entered into within the State of New York excluding the choice of law rules thereof. *All* disputes arising out of or related to this Agreement shall be submitted to the state and federal courts situated in the state of New York in the County of New York, and each Party *irrevocably consents to personal jurisdiction and venue in such courts and waives all objections thereto.*"

(Settlement Agreement § 19 (emphasis added).) Because Plaintiffs do not disagree that they contracted to litigate this action in New York County, do not challenge the Forum Selection Clause's reasonableness or applicability, and do not dispute that transfer is appropriate pursuant

to 28 U.S.C. § 1406(a), Plaintiffs are bound by the parties' agreement to mandatory jurisdiction in New York County. Accordingly, Defendant's Amended Motion to Transfer should be granted pursuant to 28 U.S.C. § 1406(a).

B. **Plaintiffs Contractually Waived Their Right To Bring Any Actions Outside New York County Or Actions Pursuant To Non-New York Law**

Furthermore, Plaintiffs have contractually waived their right to bring any claims arising out of the Settlement Agreement against Defendant in a Florida court and under Florida law, including any common law claims, (see Compl. ¶¶ 64-85), or claims purportedly brought pursuant to Fla. Stat. § 55.509 seeking to invalidate the Confessions of Judgment or Foreign Judgments. (See Compl. 15-17.) Choice of law provisions are presumed valid and are generally enforced under Florida law. See Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So. 2d 306, 311 (Fla. 2000). Accordingly, if Plaintiffs wish to challenge the validity of the Foreign Judgment, or seek damages in tort or for breach of contract, they are contractually required to do so in a New York Court under New York law.

II

**THE FORUM SELECTION CLAUSE WEIGHS SIGNIFICANTLY IN FAVOR OF TRANSFER TO NEW YORK PURSUANT TO 28 U.S.C. § 1404(A)**

A. **A Forum Selection Clause Is A Significant Factor In The Court's Transfer Analysis And Is Rarely Outweighed By Other 1404(a) Factors**

Having entirely ignored Defendant's motion pursuant to 28 U.S.C. § 1406(a), Plaintiffs' Opposition Brief only addresses 28 U.S.C. § 1404(a) and argues that a transfer should be denied because various other Section 1404(a) considerations should outweigh the parties' valid, reasonable, and applicable Forum Selection Clause. Plaintiffs argument is meritless and based on a mischaracterization of the well-settled law on the enforceability of forum selection clauses. Despite Plaintiffs' inaccurate paraphrasing of the holding in Stewart Org., Inc. v. Ricoh

Corp., 487 U.S. 22 (1988), (see Opp. Br. 4), Supreme Court and Eleventh Circuit precedent is clear: A valid forum-selection clause is a "'*a significant factor* that figures *centrally* in the district court's calculus.'" P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (quoting Stewart Org., Inc., 487 U.S. at 29) (emphasis added). "Thus, while other factors might '*conceivably*' militate against a transfer . . . the clear import of the Court's opinion is that the venue mandated by a choice of forum clause *rarely* will be outweighed by other 1404(a) factors." In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) (emphasis added) (internal citations omitted). "[A] valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." Id. at 573 n.6 (quoting Stewart Org., Inc. v, 487 U.S. at 33 (Kennedy, J., concurring)). Therefore, absent exceptional circumstances, Defendant's motion to transfer should be granted based on the existence of the valid Forum Selection Clause alone.

Plaintiffs have offered no evidence that any exceptional circumstances exist that warrants a rarely granted departure from the parties' previously agreed-upon forum. See id. Unable to do so, Plaintiffs implausibly conclude that "[b]ecause the state of Florida is where all of the operative facts have occurred, the Parties' purported choice of forum is not a considerable factor in the Court's analysis," and a "plaintiff's choice is entitled to more weight." (Opp. Br. 4, 5-6.) In support for this theory, which plainly contradicts well-settled law, Plaintiffs rely on the holding of Carrizosa v. Chiquita Brands Int'l, Inc., No. 07-60821, 2007 U.S. Dist. LEXIS 84308 (S.D. Fla. Nov. 13, 2007). (See Opp. Br. 4.)

The Carrizosa court does not discuss the relationship between a forum selection clause and the other Section 1404(a) considerations for transfer, or even mention forum selection clauses at all in its analysis. See id. Instead, the court merely states that when a plaintiff files an

action in Florida, but is not a resident and none of the operative facts giving rise to the claim arose in Florida, the plaintiff's choice to litigate in Florida should be entitled to less consideration. See id. at *8. Accordingly, Plaintiffs' unsupported argument that the Forum Selection Clause does not weigh heavily in favor of transfer should be disregarded.

B.  **The Remaining 1404(a) Factors Favor Transfer Of The Action To New York**

Contrary to Plaintiffs' assertion, the remaining Section 1404(a) factors favor transfer to the Southern District of New York because many of the action's underlying operative facts occurred in New York, the convenience of the parties favor neither jurisdiction, the convenience of the witnesses favor neither jurisdiction, the location of the relevant documents and sources of proof favor New York, and the familiarity with the governing law favors New York.

Plaintiffs' claim that "the state of Florida is where *all* the operative facts have occurred" is false. (See Opp. Br. 5 (emphasis added).) In support of their premise, Plaintiffs provide a duplicative bullet point list, without offering any evidence. (Id.) Plaintiffs further ignore actions taken by Defendant in New York regarding the parties' agreements, that the Settlement Agreement's strict foreclosure process that Plaintiffs participated in was governed by the New York Uniform Commercial Code, (Compl. ¶ 21), and the "operative facts" that form the basis for its Verified Complaint which took place in New York, including Defendant's filing of the Confessions of Judgment in New York, and receiving a final judgment for $2 million against each Plaintiff from a New York court. (See Settlement Agreement § 2; id. at Exs. 2-4.)

Additionally, despite their conclusory claims that "Plaintiffs are individuals of significantly less means" than Defendant, Plaintiffs have provided no such evidence to suggest their relative inability to burden the cost of litigation in New York. (See Opp. Br. 7.) Plaintiffs are sophisticated parties who were guarantors of a company that borrowed over $30 million dollars from Defendant for their trucking business, and then immediately defaulted; signed three

separate confessions of judgment for $2 million dollars; agreed to the costs associated with litigation arising out of the Settlement Agreement in a New York court pursuant to the Forum Selection Clause; and somehow opened a new trucking business only four months after supposedly liquidating their original trucking business during the Strict Foreclosure Process. (See Aff. of Rody Gomez, attached at Compl. Composite Ex. 1, at ¶ 19.) There is no evidence that Plaintiffs cannot bear the costs of litigating in New York.

In addition, all of the relevant documents or other evidence related to Plaintiffs' claims, including evidence related to Plaintiffs' claims that Defendant did not provide proper Notice of Default, that Plaintiffs did not default, and that the New York court did not have jurisdiction, as well as evidence related to Plaintiffs' contract and tort claims, are located in Defendant's possession in New York. Plaintiffs even admit in their Opposition Brief that while the "documents, records, and computer systems that were turnover [sic] to Defendant *were* all located in South Florida" before the Strict Foreclosure Process, (see Opp. Br. 9), this evidence was turned over to Defendant during the Borrower's liquidation. (See Compl. ¶ 21; Aff. of Rody Gomez ¶ 13.)

Plaintiffs' claim that the action is governed under Florida law is further erroneous. The Settlement Agreement's choice of law provision provides for the application of New York law to this action, a body of law the Southern District of New York court has extensive familiarity addressing. Furthermore, when Florida courts assess the enforceability of foreign judgments, "the jurisdiction of the foreign court to enter the judgment, as well as the validity of the judgment, must be analyzed under the law of the foreign state. [The court] therefore must look to New York law to determine whether this judgment is valid." See Cadle Co. v. Jay, 907 So. 2d 634, 637 (Fla. 3 DCA 2005) (internal citations omitted).

Contrary to Plaintiffs' assertion, and as evidenced by the mandatory Forum Selection Clause selecting New York as the exclusive jurisdiction for disputes between the parties arising out of the Settlement Agreement, Defendant was never "prepared to litigate in Florida." (See Opp. Br. 7.) Instead, Defendant filed the Confessions of Judgment signed by each Plaintiff in New York County, and provided a certified copy of the Foreign Judgments to the Clerk of Circuit and County Courts for Miami-Dade County, Florida, for recording, pursuant to the Florida Enforcement of Foreign Judgments Act ("FEFJA"), Fla. Stat. § 55.503. (See Compl. ¶ 38; Foreign Judgments, attached at Compl. Composite Ex. 2.) The Clerk subsequently recorded the Foreign Judgments in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, pursuant to Fla. Stat. § 55.505. (Id. ¶ 41.) Defendant has filed no enforcement action against Plaintiffs in Florida, and is not required to do so under FEFJA. Having filed the Plaintiffs' Confessions of Judgment in New York, Defendant has expressed no intention to litigate in Florida, and is not required to do so under the Forum Selection Clause.

C.  **Plaintiffs Could Have Brought An Action Challenging The Validity Of The New York Court's Judgment In New York**

In addition to the forum-selection clause designating New York as the exclusive forum for disputes arising out of the Settlement Agreement, transfer is appropriate pursuant to Section 1404(a) because Plaintiffs could have originally brought their claims in the Southern District of New York as the county where the confessions of judgment were entered, and accordingly, where the claim arose under 28 U.S.C. § 1391(a). (See Compl. ¶¶ 37-39.) Plaintiffs' theory that they could not have originally brought their specific causes of action in a New York court because they chose to bring them pursuant to Florida State statutes is unfounded, and would render forum selection clauses, choice of law provisions, and transfer motions pursuant to Section 1404(a) effectively meaningless.

For example, here Plaintiffs filed an action to invalidate the New York judgments "pursuant to 55.509" and for "the tort of defamation pursuant to F.S. §[]558, et seq." (Compl. ¶ 65.) Under Plaintiffs' theory, Plaintiffs should be allowed to avoid their obligations under the Forum Selection and Choice of Law clause simply because it alleged causes of action "pursuant" to Florida law. However, parties cannot hide behind state causes of action to avoid transfer. Because Plaintiffs' claim arose in New York county, Plaintiffs could have brought their common law claims (Counts III-VI), or claims seeking to invalidate or vacate the Confessions of Judgment or Foreign Judgments (Counts I-II), in the Southern District of New York pursuant to New York law. Accordingly, transfer is appropriate pursuant to 28 U.S.C. § 1404(a).

## CONCLUSION

For all of the foregoing reasons, Defendant's amended motion to transfer the action to the United States District Court for the Southern District of New York should be granted pursuant to 28 U.S.C. § 1406(a), or in the alternative, 28 U.S.C. § 1404(a).

Dated: May 23, 2011

        Respectfully submitted,

By   /s/ Hal M. Lucas
    Gregory S. Grossman
    (Fla. Bar No.: 896667)
    ggrossman@astidavis.com
    Hal M. Lucas
    (Fla. Bar No.: 0853011)
    hlucas@astidavis.com
    ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.
    701 Brickell Avenue, 16th Floor
    Miami, Florida 33131
    Telephone: (305) 372-8282
    Facsimile: (305) 372-8202
    Attorneys for Defendant Fortress Value Recovery Fund I LLC f/k/a D.B. Zwirn Special Opportunities Fund, L.P.

    Scott S. Balber (admitted Pro Hac Vice)
    sbalber@chadbourne.com
    CHADBOURNE & PARKE LLP
    30 Rockefeller Plaza
    New York, NY 10112
    Telephone: (212) 408-5100
    Facsimile: (212) 541-5369
    Attorney for Defendant Fortress Value Recovery Fund I LLC f/k/a D.B. Zwirn Special Opportunities Fund, L.P.

## CERTIFICATE OF SERVICE

**I hereby certify** that on May 23, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I further certify that the foregoing document is being served this day on the following counsel in the manner specified.

/s/ Hal M. Lucas
Hal M. Lucas

## SERVICE LIST

David B. Haber, Esq.
dhaber@dhaberlaw.com
Law Offices of David B. Haber, P.A.
201 S. Biscayne Blvd., Suite 1205
Miami, Florida 33131
Telephone: (305) 379-2400
Facsimile: (305) 379-1106
Counsel for Plaintiffs Rodovaldo Rody Gomez, Saby Gomez de Molina, and Rody Gomez a/k/a Rody Gomez Jr.
Served Via Notice of Electronic Filing generated by CM/ECF

David Thomas Podein
dpodein@dhaberlaw.com
Law Offices of David B. Haber, P.A.
201 S. Biscayne Blvd., Suite 1205
Miami, Florida 33131
Telephone: (305) 379-2400
Facsimile: (305) 379-1106
Counsel for Plaintiffs Rodovaldo Rody Gomez, Saby Gomez de Molina, and Rody Gomez a/k/a Rody Gomez Jr.
Served Via Notice of Electronic Filing generated by CM/ECF

Lindsey Fallon Thurswell
lthurswell@dhaberlaw.com
Law Offices of David B. Haber, P.A.
201 S. Biscayne Blvd., Suite 1205
Miami, Florida 33131
Telephone: (305) 379-2400
Facsimile: (305) 379-1106
Counsel for Plaintiffs Rodovaldo Rody Gomez, Saby Gomez de Molina, and Rody Gomez a/k/a Rody Gomez Jr.
Served Via Notice of Electronic Filing generated by CM/ECF