IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-21155-KMM

RODOVALDO RODY GOMEZ, SABY GOMEZ
DE MOLINA, RODY GOMEZ a/k/a RODY
GOMEZ JR.,

    Plaintiffs,

vs.

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiffs' Motion to Remand (ECF No. 7). Defendant filed a Response (ECF No. 12). Plaintiff filed a Reply (ECF No. 24). This Motion is now ripe for review.

UPON CONSIDERATION of the Motion, Response, and Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**[1]

Plaintiffs, Rodovaldo Gomez, Saby Gomez De Molina, and Rody Gomez Jr. ("the Gomez Plaintiffs") were officers in corporations involved in the trucking industry in the State of Florida. Compl. ¶¶ 10-13 (ECF No. 1-2). In June 2007, these corporations executed a financing agreement with Defendant, D.B. Zwirn Special Opportunities Fund ("Zwirn"), a Delaware Limited Partnership. Id. ¶ 14. The Gomez Plaintiffs each signed guarantees for the obligations

---

[1] The factual background is taken from the Plaintiffs' Motion to Remand, Defendant's Response, Plaintiffs' Complaint (ECF No. 1-2), Defendant's Notice of Removal (ECF No. 1), and the Miami-Dade County Circuit Court Docket (http://www2.miami-dadeclerk.com/civil/).

owed by their respective corporations under the financing agreement. Id. In February 2009, the corporations allegedly defaulted on these financing agreements, and the Gomez Plaintiffs, as guarantors, entered into a Settlement Agreement with Zwirn which resulted in each Plaintiff signing a Confession of Judgment. Id. ¶¶ 14-16. The terms of the Settlement Agreement and Confessions of Judgment made each individual Plaintiff liable for $2 million upon breach of the Settlement Agreement, and required that disputes or enforcement of the Settlement Agreement or Confessions of Judgment be adjudicated according to New York State Law and in a forum within that state. Sett. Agmnt. Composite (ECF No. 1-3).

On January 5, 2010, Rody Gomez Jr., filed a voluntary bankruptcy petition in United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court"). Compl. ¶¶ 32-34. Plaintiffs allege that although Zwirn was scheduled as a creditor and noticed regarding the bankruptcy proceeding, Zwirn did not appear or attempt to enforce its rights in the proceedings. Id. On May 19, 2010, the Clerk of the Bankruptcy Court entered an Order of Discharge of Rody Gomez's Estate, serving all creditors, including Zwirn, with notice of that action. Id. ¶ 35.

In February 2011, Zwirn claimed that the Gomez Plaintiffs defaulted on the Settlement Agreement, and as a result, on February 4, 2011, Zwirn sought and received ex parte enforcement of the Confessions of Judgment in New York County Court. Compl. ¶ 37-38; NY J. Composite (ECF No. 1-6). On February 9, 2011, Zwirn recorded these Foreign Judgments against each of the Gomez Plaintiffs in Miami-Dade County Circuit Court seeking to enforce them in the state of Florida. Compl. ¶¶ 40-41. These recordings are heretofore referred to as "Enforcement Actions" and have been assigned case numbers in Miami-Dade County Circuit Court.[2]

---

[2] Miami-Dade County Cases: D.B. Zwirn Special Opportunities Fund, L.P., v. Rodovaldo Rody Gomez, Case No. 11-4324-CA-06; D.B. Zwirn Special Opportunities Fund, L.P., v. Saby

After Zwirn recorded the Foreign Judgments in Florida, on March 9, 2011, Plaintiff Rody Gomez filed a Motion to Enforce a Permanent Stay and Order of Discharge and Award Sanctions, Fees, and Costs in the Bankruptcy Case. On March 24, 2011, Zwirn submitted a Memorandum of Law in Opposition to that Motion. Mot. Remand ¶ 12. Plaintiff avers in his Motion to Remand that issues are still being adjudicated in the bankruptcy proceeding. Id.

On March 23, 2011, in Miami-Dade County Court, the Gomez Plaintiffs each filed Motions to Quash the Enforcement of the Foreign Judgments in each of the respective Enforcement Actions against them. Id. ¶ 13. On March 24, 2011, the Gomez Plaintiffs filed a Lis Pendens and a Complaint in Miami-Dade County Court seeking an order to stay the proceedings in the Enforcement Actions. This new case ("the Instant Lawsuit") was assigned number 11-09152-CA-40 by the Miami-Dade County Circuit Court. Id. ¶ 14. On April 1, 2011, Zwirn filed a Motion to Dismiss the Instant Lawsuit in state court, and also filed a Notice of Removal to federal court. Id. ¶¶ 15-16. The Instant Lawsuit is now before this Court.

The Enforcement Actions are still pending before the Miami-Dade County Court, and on April 6, 2011, Zwirn moved to consolidate the Enforcement Actions onto one docket in that Court. See Miami-Dade Cty. Civ. Ct. Dkt. Nos. 11-04320-CA-08, 11-4324-CA-06, 11-4312-CA-05. After a hearing on the matter, the court granted Zwirn's motion. Mot. Remand ¶ 17. On May 12, 2011, the Miami-Dade County Court held a hearing on the Gomez Plaintiffs' Motion to Set Bond and Motion to Quash Foreign Judgments in the Enforcement Actions. See Miami-Dade Cty. Civ. Ct. Dkt. Nos. 11-04320-CA-08, 11-4324-CA-06, 11-4312-CA-05. Bond was set at $2 million on June 10, 2011, in each of the three Enforcement Actions and those cases are still pending. Id.

---

Gomez De Molina, Case No. 11-4312-CA-05; and D.B. Zwirn Special Opportunities Fund, L.P., v. Rody Gomez a/k/a Rody Gomez Jr., Case No. 11-04320-CA-08.

## II.   STANDARD OF REVIEW

"A removing defendant bears the burden of proving proper federal jurisdiction." Murillo v. Am. Airlines, Inc., No. 09-22894-CIV, 2010 WL 1740710, at *1 (S.D. Fla. Apr. 29, 2010) (citing Leonard v. Enter. Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002)) (citation omitted). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Id. "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." Id.

## III.   ANALYSIS

Zwirn claims a right to remove this case from Miami-Dade Circuit Court pursuant to 28 U.S.C. § 1447. A state court plaintiff may seek remand within thirty days after the filing of a notice of removal if the plaintiff can show that the removal is defective. 28 U.S.C. § 1447(c). One defect to which a plaintiff can point in seeking remand is litigation of the matter in state court by the defendant. Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004). Litigating a matter on the merits, causes a defendant to waive his right to remove a state court action to the federal court. Id.

> A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court . . . waiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court . . . .

Id. (quoting Charles A. Wright, et al., 14B Federal Practice & Procedure § 3721 (2003)).

Whether a state court defendant has waived his right to remove based on "active participation must be made on a case-by-case basis." Id. (quoting Hill v. State Farm Mutual Automobile Ins. Co., 72 F. Supp. 2d 1353, 1354 (M.D.Fla. 1999).

Zwirn is the defendant in the Instant Case before this Court, and on the same day that it filed a notice of removal to this Court, it filed a motion to dismiss the case in Miami-Dade County Circuit Court. Mot. Remand ¶¶ 15-16. Zwirn correctly claims that filing a motion to dismiss in a case is not a defensive action which waives a defendant's right to removal. Somoano v. Ryder Systems, Inc., 985 F. Supp. 1476, 1478 (S.D. Fla. 1998). What Zwirn fails to adequately address and seemingly wants this Court to overlook, is the fact that Zwirn is presently the plaintiff in the three Enforcement Actions that are currently being litigated to resolve the same matter in the Instant Case now before this Court. While Zwirn has argued that these Enforcement Actions were the mere recording of foreign judgments pursuant to the Florida Enforcement of Foreign Judgments Act, the recording of such judgments opens the door to their further contest. Florida Statutes §55.503 addresses the recording of foreign judgments. It states,

> [a] judgment so recorded shall have the same effect and shall be subject to the same rules of civil procedure, legal and equitable defenses, and proceedings for reopening, vacating, or staying judgments, and it may be enforced, released, or satisfied, as a judgment of a circuit or county court of this state.

Fla. Stat. §55.503. These Enforcement Actions have gone beyond mere recording by the County Clerk, and are now being contested in front of a Miami-Dade Circuit Court Judge by the Gomez Plaintiffs, who appear as defendants in each of the Enforcement Actions. The proceedings in these actions have included a motion to consolidate and transfer by Zwirn, and motions to quash and set bond by the Gomezes. These Enforcement Actions are now arguably civil cases in which Zwirn is the plaintiff. As such, this Court fails to see how Zwirn can claim a right to remove the Instant Case to this Court while continuing to litigate the very same matter as a plaintiff in

5

Miami-Dade County Circuit Court. The Court is mindful of the potential for differing, if not directly adversarial rulings, from each respective Court, in turn generating even more litigation between these parties.

Moreover, exercising jurisdiction over this matter would violate the principles of federalism which simultaneously guide and bind this Court. The State of Florida has provided a more than adequate forum for the resolution of this matter and the parties have both participated in its adjudication in that forum to a significant extent. Removal would require this Court to decline to recognize the extent of the proceedings and the jurisdiction which the Miami-Dade County Circuit Court has already exercised. This Court refuses to commit that error.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion to Remand (ECF No. 7) is GRANTED.

The Clerk of the Court is instructed to CLOSE this Case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of July, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record